**In re WOODRUFF.**

**JACKSON v. LYNCH.**

No. 9612.

Circuit Court of Appeals, Ninth Circuit.

May 1, 1941.

As Modified on Denial of Rehearing June 30, 1941.

Francis B. Cobb, of Los Angeles, Cal., for appellant.

Rupert B. Turnbull and Leonard J. Meyberg, both of Los Angeles, Cal., for appellees.

Hiram E. Casey, of Los Angeles, Cal., for bankrupt Woodruff.

Before DENMAN, MATHEWS, and HEALY, Circuit Judges.

MATHEWS, Circuit Judge.

This appeal is from an order approving the accounts of a receiver in bankruptcy, allowing reimbursement of certain expenses incurred by the receiver, and allowing compensation to the receiver and his attorneys.

On July 5, 1939, Leonard J. Woodruff filed a voluntary petition in bankruptcy in the District Court of the United States for the Eastern District of Oklahoma (hereafter called the Oklahoma court) and, on the same day, was by that court adjudged a voluntary bankrupt.

On July 13, 1939, M. E. Heiser filed in the District Court of the United States for the Southern District of California (hereafter called the California court) an involuntary petition against Woodruff and, with it, a petition for the appointment of a receiver to take charge of Woodruff's property and to conduct his business; and, on the same day, the California court appointed E. A. Lynch as such receiver.

On July 20, 1939, the Oklahoma court caused a meeting of Woodruff's creditors to be held, at which meeting appellant, P. M. Jackson, was appointed as trustee in bankruptcy.

On July 27, 1939, upon an order granted by the California court upon the verified petition of the receiver, Leonard J. Meyberg and Rupert B. Turnbull were appointed as attorneys for the receiver.

On October 16, 1939, pursuant to § 32 of the Bankruptcy Act, 11 U.S.C.A. § 55, and Order 6 of the General Orders in Bankruptcy, 11 U.S.C.A. following section 53, the Oklahoma court, having determined that it was the court in which the cases could proceed with the greatest convenience to the parties in interest, ordered that the California case be transferred to the Oklahoma court.[1]

A certified copy of the Oklahoma court's order of October 16, 1939, was filed in the California court on October 18, 1939. On October 19, 1939, the California court ordered that the receiver file his account and petition for compensation and for reimbursement of expenses, that his attorneys file their petition for compensation, and that the clerk of the California court "stay the transmittal of the records" in the California case to the Oklahoma court until the account should be settled and the petitions heard and determined.

Appellant filed a motion to vacate the order of October 19, 1939. The motion was denied on November 15, 1939. On November 17, 1939, appellant appealed from the order of October 19, 1939, and from the order of November 15, 1939—the order denying his motion.[2] The orders were affirmed[3] on May 10, 1940. Jackson v. Lynch, 9 Cir., 111 F.2d 1003. Rehearing was denied on June 21, 1940. Certiorari was denied on October 14, 1940, 311 U.S. 674, 61 S.Ct. 39, 85 L.Ed. ——. Our mandate was issued on October 21, 1940, and was filed in the California court on October 28, 1940.

The receiver's account and petition for compensation and for reimbursement of expenses and his attorneys' petition for compensation were filed on October 24, 1939. Appellant filed objections to the account and petitions on November 17, 1939. The receiver filed a supplemental account and petition on May 13, 1940. His attorneys filed a supplemental petition on May 20, 1940. A hearing was had on June 20, 1940. Thereafter, on June 27, 1940, the California court entered an order approving the accounts, allowing reimbursement of certain expenses incurred by the receiver, and allowing compensation to the receiver in the sum of $2,000 and to his attorneys in the sum of $7,500. This appeal followed.

■ Appellant contends that the California court had no jurisdiction to make the order of June 27, 1940, because, at that time, our mandate in Jackson v. Lynch, supra—decided May 10, 1940—had not been issued. There is no merit in this contention. The orders reviewed in Jack-

---

[1] The order was affirmed in Heiser v. Woodruff, 10 Cir., 112 F.2d 652.

[2] The opinion in Jackson v. Lynch, 9 Cir., 111 F.2d 1003, 1004, speaks of this as an appeal from the order of November 15, 1939. Actually, it was also an appeal from the order of October 19, 1939.

[3] The opinion concludes with the words "Order affirmed." The word "Order" should read "Orders."

son v. Lynch, supra, were not final judgments or decrees, but were interlocutory orders only. Consequently, the appeal therefrom did not remove the entire case to this court or preclude further proceedings in the court below. Foote v. Parsons Non-Skid Co., 6 Cir., 196 F. 951, 953. See, also, In re F. P. Newport Corp., 9 Cir., 98 F.2d 453, 456. Much less were such proceedings precluded by a mere stay of mandate.

Except on the jurisdictional ground above mentioned, appellant does not challenge that part of the order which allows reimbursement of expenses incurred by the receiver. As the ground mentioned is untenable, that part of the order is assumed to be correct.

■ Appellant contends that the allowance of $2,000 as compensation to the receiver was in excess of that which the Bankruptcy Act prescribes. By § 2 of the Act, 11 U.S.C.A. § 11, courts of bankruptcy are empowered to—

"(3) Appoint, upon the application of parties in interest, receivers * * * to take charge of the property of bankrupts and to protect the interests of creditors after the filing of the petition and until it is dismissed or the trustee is qualified. * * *"

"(5) Authorize the business of bankrupts to be conducted for limited periods by receivers * * * if necessary in the best interests of the estates, and allow such officers additional compensation for such services, as provided in section 48 of this Act [11 U.S.C.A. § 76]."

Section 48 of the Act, 11 U.S.C.A. § 76, provides:

"a. *Receivers*. The compensation of receivers appointed under this Act, for their services payable after they are rendered, shall be as follows:

"(1) *As custodians*. Receivers appointed pursuant to clause (3) of section 2 of this Act [11 U.S.C.A. § 11] who serve as mere custodians shall receive such amount as may be allowed by the court, but in no event to exceed 2 per centum on the first $1,000 or less, and one-half of 1 per centum on all above $1,000 on moneys disbursed by them or turned over by them to any persons, including lienholders, and also upon moneys turned over by them to the trustee and on moneys subsequently realized from property turned over by them in kind to the trustee.

"(2) *With full powers*. Receivers appointed pursuant to clause (3) of section 2 of this Act [11 U.S.C.A. § 11] who serve otherwise than as mere custodians shall receive compensation by way of commissions upon the moneys disbursed or turned over to any persons, including lienholders, by them and also upon the moneys turned over by them or afterward realized by the trustees from property turned over in kind by them to the trustees, such amount as the court may allow, but in no event to exceed 6 per centum on the first $500 or less, 4 per centum on all in excess of $500 but not more than $1,500, 2 per centum on all above $1,500 and not more than $10,000, and 1 per centum on all above $10,000.

"(3) *Conducting business*. Receivers appointed pursuant to clause (3) of section 2 of this Act [11 U.S.C.A. § 11] who conduct the business of the bankrupt as provided in clause (5) of section 2 of this Act [11 U.S.C.A. § 11] shall receive such amount as may be allowed by the court, but in no event to exceed twice the maximum allowance permitted by paragraph (2) of this subdivision a."

In the case at bar, the court disregarded § 48 of the Act, 11 U.S.C.A. § 76, and made an unconditional allowance of $2,000. This was error. The receiver served from July 13, 1939, the date of his appointment, until October 18, 1939, when the Oklahoma court's order of October 16, 1939, was filed in the California court—a period of three months and five days. His services were chiefly those of a custodian. Other services performed by him were clearly unnecessary and of no value to the estate.

The receiver, during his brief period of service, conducted a small and highly unprofitable business which theretofore had been conducted by the bankrupt. The court's order authorized the receiver "to conduct the business and sell the same as a going concern, if it can be done with benefit to the estate." The receiver testified that he "figured right from the start that the business was a hobby and not a business;" that he knew at the start "it couldn't be operated at a profit." Yet, instead of reporting at once to the court that the business could not be conducted "with benefit to the estate," but could only be conducted at a loss, he did so conduct it for several months.

We conclude that the only services for which the receiver is entitled to be com-

pensated are those which he performed as a custodian, and that his compensation, therefore, should not exceed the maximum allowance permitted by paragraph (1), subdivision a, of § 48 of the Bankruptcy Act, 11 U.S.C.A. § 76.

■ Appellant contends that the allowance of compensation to the receiver's attorneys was improper because their appointment was procured in violation of Order 44 of the General Orders in Bankruptcy, 11 U.S.C.A. following section 53. Order 44 provides: "No attorney for a receiver, trustee or debtor in possession shall be appointed except upon the order of the court, which shall be granted only upon the verified petition of the receiver, trustee or debtor in possession, stating the name of the counsel whom he wishes to employ, the reasons for his selection, the professional services he is to render, the necessity for employing counsel at all, and to the best of the petitioner's knowledge all of the attorney's connections with the bankrupt or debtor, the creditors or any other party in interest, and their respective attorneys. If satisfied that the attorney represents no interest adverse to the receiver, the trustee, or the estate in the matters upon which he is to be engaged, and that his employment would be to the best interests of the estate, the court may authorize his employment, and such employment shall be for specific purposes unless the court is satisfied that the case is one justifying a general retainer. If without disclosure any attorney acting for a receiver or trustee or debtor in possession shall have represented any interest adverse to the receiver, trustee, creditors or stockholders in any matter upon which he is employed for such receiver, trustee, or debtor in possession, the court may deny the allowance of any fee to such attorney, or the reimbursement of his expenses, or both * * *."

In this case, the receiver's attorneys (Turnbull and Meyberg) were appointed upon a verified petition of the receiver which, though not signed by Turnbull and Meyberg, was prepared by them. At that time and at all times here pertinent, Turnbull and Meyberg were attorneys for Heiser, the petitioning creditor, whose claim against the estate, amounting to $278,631.71, was disputed by appellant as trustee. Thus, at the time of procuring their appointment as attorneys for the receiver, Turnbull and Meyberg represented an interest adverse to the trustee and the estate in the matter upon which they were to be engaged. This fact was well known to the receiver, but was not disclosed in his petition.

Attached to and filed with the receiver's petition were the affidavits of Turnbull and Meyberg, each stating that he was "not employed by or connected with the bankrupt or any other person having an interest adverse to the receiver, trustee or creditor." The fact that Turnbull and Meyberg were attorneys for Heiser was not disclosed.

The court below found that the receiver disclosed to the court that Turnbull and Meyberg were attorneys for Heiser, but the finding does not state when or how the disclosure was made. The evidence does not show that it was made at all.[4] It certainly was not made at the time or in the manner required by General Order 44.

The receiver's petition—written, filed and presented to the court by Turnbull and Meyberg—did not in terms state that it was necessary for the receiver to employ attorneys. It did, however, state that the receiver "must have legal advice concerning his conduct." This and other statements in the petition obviously were designed and intended to make it appear that it was necessary for the receiver to employ attorneys. The record discloses no such necessity.

We conclude that the appointment of Turnbull and Meyberg as attorneys for the receiver was procured in violation of General Order 44, and that they are, therefore, not entitled to compensation. Assuming, without deciding, that, in some circumstances, a bankruptcy court may, in the exercise of its discretion, allow compensation to attorneys whose appointment was procured in violation of General Order 44, we hold that, in the circumstances here shown, to allow such compensation was an abuse of discretion.

■ The final paragraph of the order under review provides, in substance, that the property of the estate now in the South-

---

[4] It should here be noted that the judge who made the finding was not the judge who made the order authorizing the appointment of Turnbull and Meyberg as attorneys for the receiver. The order was made by Judge James, the finding by Judge Cosgrave.

ern District of California shall not be removed therefrom until the receiver's expenses and the compensation of the receiver and his attorneys have been paid; that said expenses and compensation shall be a first lien on said property and shall be paid on November 1, 1940; and that, if said expenses and compensation are not so paid, the United States Marshal for the Southern District of California shall advertise and sell sufficient of said property to pay the same, unless appellant, as trustee, shall "proceed with such sale" within 10 days after demand made upon him by the receiver.

This part of the order is clearly improper. The property referred to is in the hands of the Oklahoma court's trustee and, therefore, in the custody of the Oklahoma court. It is not in the custody or subject to the control·of the California court. The expenses and compensation allowed by the order (as hereinafter modified) are payable by the trustee in due course of administration, and not otherwise.

The order is modified by inserting therein a provision to the effect that, instead of the sum heretofore allowed, the receiver's compensation shall be the maximum allowance permitted by paragraph (1), subdivision a, of § 48 of the Bankruptcy Act, 11 U.S.C.A. § 76, and nothing more; by striking from the order the provision relating to compensation of the receiver's attorneys and inserting in lieu thereof a provision to the effect that said attorneys' petitions for compensation are denied; and by striking from the order the final paragraph thereof.

As thus modified, the order is affirmed.

HEALY, Circuit Judge (concurring in part and dissenting in part).

I agree that the expenses and compensation properly allowable should be paid only in due course of administration. I agree also with the court's interpretation of the statutes relating to the measure of the compensation of receivers, but think the receiver's compensation in this instance should be computed under subdivision (a) (2) of section 48, 11 U.S.C.A. § 76(a) (2).

On the matter of the entire disallowance of compensation for the attorneys I am not able to go along with my associates. If counsel had undertaken to represent interests substantially adverse and had failed to disclose that fact to the court, their claim for fees ought to be disallowed;

but such is not the case here. The lawyers represented a creditor, Heiser, whose claim against the bankrupt had been reduced to judgment prior to bankruptcy. While the bankrupt and the Oklahoma trustee were entitled to contend, and did contend unsuccessfully, that Heiser's judgment should be set aside, the receiver appointed merely to conserve assets had no duty in that respect and was not empowered by the court to pass on the validity of claims. In representing both the creditor and the receiver the attorneys did not, I think, act for substantially conflicting interests. Indeed the fact that they already had some knowledge of the bankrupt's property and affairs might well be thought to make them the logical choice as attorneys for a receiver whose business it was to forestall removal or other disposition by the bankrupt of his local assets.

It seems to me hardly just to question the statement of the trial court that the facts were disclosed to it; and I believe it to be wholly unfair to the attorneys to assume that there was any concealment on their part or any real failure to disclose their connection with Heiser. The record is replete with evidence of the disclosure. It was on the petition of Heiser that the involuntary adjudication was made by the trial court, and the attorneys Meyberg and Turnbull signed the petition as attorneys for Heiser. Likewise it was this creditor who petitioned for the appointment of the receiver, and his petition is signed by these attorneys as counsel for Heiser. The order of the court appointing the receiver recites that it was made "upon motion of Rupert B. Turnbull, attorney for said petitioner". Indeed, from first to last the record discloses on its face that these attorneys were counsel for Heiser, and the court could not but have been aware of that fact.

Order 44 of the General Orders in Bankruptcy does not require the denial of fees to an attorney where the true facts are not disclosed in the petition for his appointment. It merely permits such denial. The spirit of the rule should be strictly enforced, but there is no justification for a purely mechanical application of it. Here, although the disclosure was not made in the precise manner required by the rule, there was an actual and complete disclosure of the facts. Ordinarily, it would be only in the petition itself that opportunity would be given to make the disclosure, but here the situation was different.

Where the trial court has authorized its receiver to employ counsel, I think an appellate court would rarely be justified in rejecting entirely the allowance of compensation because of its belief, after the fact, that an attorney was not necessary. I do not believe there is justification for that course here.