## FERNOW v. LIBERTY ROYALTIES CORPORATION et al.

### No. 3050.

Circuit Court of Appeals, Tenth Circuit.

Dec. 1, 1944.

A. J. Kriete, of Tulsa, Okl. (Arch K. Kriete and W. P. Nelson, both of Tulsa, Okl., on the brief), for appellant.

G. C. Spillers, of Tulsa, Okl., for appellee Liberty Royalties Corporation.

Paul Pinson, of Tulsa, Okl., for appellee E. H. Gubser.

Before PHILLIPS, HUXMAN, and MURRAH, Circuit Judges.

PHILLIPS, Circuit Judge.

On May 5, 1938, a petition was filed for the reorganization of Liberty Royalties Corporation[1] under § 77B of the Bankruptcy Act, 11 U.S.C.A. § 207. The court approved the petition and appointed E. H. Gubser trustee. On September 19, 1941, the trustee obtained a judgment against John Fernow for $25,499.17, with interest at the rate of six per cent per annum from the date of such judgment, in the district court of Tulsa County, Oklahoma, in cause numbered 52696 on the docket of that court.

At the date of the rendition of such judgment, the trustee had in his possession certain shares of common and preferred stock of the bankrupt belonging to Fernow. Marie F. Leith appeared in the bankruptcy proceeding and asserted a lien upon such stock by virtue of an attachment proceeding.

On October 5, 1943, the district court, after a hearing, entered an order in which it adjudged that Leith had no lien against such stock and directed that such stock be sold by the trustee to satisfy such judgment and a referee's fee of $900.00. From that portion of the order directing the sale of the stock, Fernow prosecuted an appeal to this court, numbered 2903 on the docket of this court. In his brief and at the oral argument in No. 2903, Fernow took the position that since the stock belonged to him and was not an asset of the bankrupt's estate, the bankruptcy court was without jurisdiction to order a sale of the stock to satisfy the state court judgment, and that such judgment could be enforced only by an execution issued out of the state court and levied upon such stock. While the appeal in No. 2903 was pending, the trustee filed an application in the bankruptcy court for leave to deliver such certificates of stock to the sheriff of Tulsa County under an execution in the hands of such sheriff issued by the district court of Tulsa County in cause No. 52696 to satisfy the judgment obtained by the trustee against Fernow. Notice of the hearing on the application was served upon Remington Rogers, Esq., attorney for Fernow. On May 8, 1944, the bankruptcy court entered an order directing the trustee to forthwith deliver to the sheriff of Tulsa County such stock belonging to Fernow under the execution in the hands of the sheriff. On May 14, 1944, Fernow filed an application to vacate such order on the ground that the court was without jurisdiction to make the order of May 8 because of the pendency of the appeal in No. 2903. On May 27, 1944, the bankruptcy court denied the order to vacate, but expressly retained jurisdiction to settle all equities between the trustee and Fernow. From the order directing the surrender of the stock to the sheriff and the order denying the motion to vacate, Fernow has appealed.

On June 17, 1944, this court entered an order in which it recited that the stock had been sold by the sheriff of Tulsa County on May 22, 1944, and directed that the order of October 5, 1943, directing the trustee to sell such stock to satisfy the judgment in No. 52696 be vacated.

The bankruptcy court was authorized to sell property belonging to the bankrupt. 11 U.S.C.A. § 110 sub. b. It was not authorized to sell property which did not belong to the bankrupt.[2]

The order of October 5, 1943, was an interlocutory order. The appeal therefrom did not transfer jurisdiction over the entire bankruptcy proceedings to the appellate court. It did not preclude further proceedings in the court below which would not interfere with the jurisdiction of this court in No. 2903 or impinge upon any orders it might make therein.[3] The subject matter of the appeal was the jurisdiction of the bankruptcy court to order the sale of the stock to satisfy the state court judgment. The stock itself was not the subject matter of the appeal. The appeal did not involve the power of the bankruptcy court to surrender the stock under an execution issued by the state court. And the bankruptcy court would have been under no

---

[1] Hereinafter called the bankrupt.

[2] In re Yost & Cook, 6 Cir., 70 F.2d 614, 616; In re Gorwood, D.C.Pa., 138 F. 844.

[3] In re Woodruff, 9 Cir., 121 F.2d 152, 153, 154; In re F. P. Newport Corporation, Ltd., 9 Cir., 98 F.2d 453, 456; Foote v. Parsons Non-Skid Co., Ltd., 6 Cir., 196 F. 951, 954; Crichlow v. Maryland Cas. Co., 116 Fla. 226, 156 So. 440, 443, 159 So. 899; Schuster v. Ventnor Gardens, Inc., 102 N.J.Eq. 357, 140 A. 783, 784.

398

compulsion to proceed with the sale of the stock under the order of October 5, 1943, had this court affirmed that order. The order was interlocutory and could be vacated by the bankruptcy court at any time during the pendency of the proceedings. The order of May 8, 1944, in nowise impinged upon the jurisdiction of this court in No. 2903, or any orders it might make therein. Had this court affirmed the order appealed from in No. 2903, the bankruptcy court would still have been free not to proceed with the sale under the order of October 5, 1943, and to permit the stock to be surrendered to the sheriff under the state court execution. On the other hand, a reversal by this court of the order of October 5, 1943, would have left the bankruptcy court free to surrender the stock to the sheriff under the state court execution.

In the appeal in No. 2903, Fernow took the position that the sale of the stock should be on an execution issued out of the state court and that the bankruptcy court was wholly without jurisdiction to order the sale of stock, because the stock belonged to Fernow and was not the property of the bankrupt. This court sustained that contention on the former appeal. With the approval of the bankruptcy court, the stock has now been sold under an execution issued out of the state court. Fernow will not now be permitted to reverse his position and insist that the sale should have been under an order of the bankruptcy court.

The order appealed from is affirmed.