### In re SZARKOWSKI.

### No. 1814.

District Court, D. North Dakota, Southeastern Division.

Feb. 2, 1945.

C. E. Brace, Asst. Atty. Gen., for State of North Dakota.

Arthur L. Knauf, of Jamestown, N. D., for bankrupt.

VOGEL, District Judge.

This is a review of an order of the Conciliation Commissioner, acting as Referee, dated December 21, 1944, entitled "Order Denying Secured Creditor's Petition For Order Of Sale Under Second Proviso Of Subsection (3) Of Subsection s Of Section 75 Of The Bankruptcy Act [11 U.S. C.A. § 203, sub. s(3)]".

The bankrupt herein deposited the appraised value of the encumbered real estate and petitioned for redemption thereof. The creditor, the State of North Dakota, holding the mortgage on the real property, requested a reappraisal or hearing on value. A hearing was held and the Conciliation Commissioner fixed the value of the property at an amount in excess of that for which it had been originally appraised. Upon petition of the creditor his order fixing value was reviewed by this Court and sustained. It was subsequently sustained by the Circuit Court of Appeals and certiorari denied by the Supreme Court. Thereafter the secured creditor made a written request for a public sale of the property pursuant to the provisions of Section 75, sub. s (3) of the Bankruptcy Act. Such petition was denied by the Conciliation Commissioner, and it is of such order that review is had herein.

This case possesses a long history of litigation. Questions arising in the case have, twice prior hereto, been reviewed by this Court and have been twice appealed to the Eighth Circuit Court of appeals, and certiorari has been denied by the Supreme Court. See State of North Dakota v. Szarkowski, 8 Cir., 134 F.2d 201; 8 Cir., 142 F.2d 333; certiorari denied October 9, 1944, 65 S.Ct. 47.

In the instant question counsel for both parties have been very helpful to the Court and have exhaustively briefed the applicable cases. The Conciliation Commissioner, in denying the creditor's request for a public sale, filed a memorandum opinion, in which he concluded that the case of In re Carter, D.C.W.D.Va.1944, 56 F. Supp. 385, and upon which the creditor strongly relies, was "wholly inconsistent with the holding and language used by Supreme Court Judge Douglas in the case of Wright v. Union Central Life Insurance Co., 311 U.S. 273, 61 S.Ct. 196, 85 L.Ed. 184." After a review of both cases cited, as well as the additional cases cited by counsel for both parties, I conclude that the Conciliation Commissioner's decision is correct. By no amount or degree of rationalization can I bring myself to believe

that the two decisions are not inconsistent and, of course, the decision of the Supreme Court in the case of Wright v. Union Central Life Ins. Co., supra, must be controlling.

In its brief, well supported by the Court's opinion in the Carter case, supra, the creditor herein attempts to show that the Supreme Court, in its opinion in the Wright case, supra, was not passing upon the identical question involved herein, but was limiting itself solely to the right of the bankrupt to redeem the property as against the Court's order for a sale brought about by the bankrupt's having failed to comply with the provisions of the Act or with orders of the Court made pursuant thereto. It is pointed out that in the Wright case the creditors had not petitioned for a public sale in accordance with the proviso of Section 75, sub. s (3) of the Bankruptcy Act, reading as follows: "Provided, That upon request in writing by any secured creditor or creditors, the court shall order the property upon which such secured creditors have a lien to be sold at public auction. The debtor shall have ninety days to redeem any property sold at such sale * * *." 11 U.S.C.A. § 203, sub. s(3).

Another proviso of the Act with which it is claimed by the creditor the Supreme Court was dealing in the Wright case reads as follows: "If, however, the debtor at any time fails to comply with the provisions of this section, or with any orders of the court made pursuant to this section, or is unable to refinance himself within three years, the court *may* order the appointment of a trustee, and order the property sold or otherwise disposed of as provided for in this title." (Emphasis supplied.) 11 U.S.C.A. § 203, sub. s(3).

It is true that in the Wright case the creditors filed a petition asking that the proceedings be dismissed or, in the alternative, that an immediate sale be had, and alleged, among other things, that the bankrupt had failed to comply with orders of the court requiring shares of the crops to be delivered to the trustee, failure to pay taxes, et cetera. The bankrupt countered with a cross-petition asking for the right to redeem the mortgaged real estate. The Supreme Court held that the bankrupt's right of redemption was paramount. If the Supreme Court's opinion in that case applies only to a sale ordered because of failure to comply with orders of the court, et cetera, and is to be given such narrow construction as is asked for by the creditor herein, then certainly the vast majority of the language used by the Supreme Court in its decision is not only most unfortunate and elusive, but has led many lesser courts into an erroneous understanding of the meaning thereof. As I have stated, I fail to take that view of the Supreme Court's opinion. Note the language used by the Supreme Court in that case:

"The narrow issue presented by this petition for certiorari and which moved us to grant it is whether under § 75, sub. s (3), the debtor must be accorded an opportunity, on his request, to redeem the property at the reappraised value or at a value fixed by the court *before the court may order a public sale."* 311 U.S. pages 275, 276, 61 S.Ct. 198, 85 L.Ed. 184. (Emphasis supplied.)

"We think that the denial of an opportunity for the debtor to redeem at the value fixed by the court before ordering a public sale was error." 311 U.S. page 277, 61 S.Ct. 199, 85 L.Ed. 184.

*"True, the granting of a request for a public sale is mandatory.* (The order of sale *granted because of failure to comply with orders of the court, et cetera,* is not mandatory but entirely discretionary. Hence the Supreme Court must have had in mind that part of the Act providing for a request for a public sale which, by the terms of the Act is mandatory, and with which we are here involved.)

"But so is the granting of a request for a valuation at which the debtor may redeem. Yet a reconciliation of these seemingly inconsistent remedies is not difficult if the purpose and function of the Act are not obscured. This Act provided a procedure to effectuate a broad program of rehabilitation of distressed farmers faced with the disaster of forced sales and an oppressive burden of debt. Wright v. Union Central Life Ins. Co., supra [304 U.S. 502, 58 S.Ct. 1025, 82 L.Ed. 1490]; John Hancock Mutual Life Ins. Co. v. Bartels, supra [308 U. S. 180, 60 S.Ct. 221, 84 L.Ed. 176]; Kalb v. Feuerstein, 308 U.S. 433, 60 S.Ct. 343, 84 L.Ed. 370. Safeguards were provided to protect the rights of secured creditors throughout the proceedings, to the extent of the value of the property. John Hancock Mutual Life Ins. Co. v. Bartels, su-

404

pra, 308 U.S. at pages 186, 187, 60 S.Ct. at page 224, 84 L.Ed. 176; Borchard v. California Bank, supra, 310 U.S. at page 317, 60 S.Ct. at page 960, 84 L.Ed. 1222. There is no constitutional claim of the creditor to more than that." 311 U.S. p. 878, 61 S. Ct. 199, 85 L.Ed. 184. (Emphasis supplied.)

"Equal protection to debtor and creditor alike can be afforded only by holding that the *debtor's request for redemption* pursuant to the procedure prescribed in the first proviso of § 75, sub. s(3), *cannot be defeated by a request of a secured creditor for a public sale under the second proviso.* Certainly equal protection of debtor and creditor would not be obtained if the contrary view were followed. Then the debtor's rights under the first proviso would be either dependent on the outcome of his race of diligence with a creditor, for which customarily he would be poorly equipped (Cf. Kalb v. Feuerstein, supra); or they would be defeasible at the instance of a creditor. *Under our construction, however, the debtor will be given the benefit of an express mandate of the Act.* And the creditor will not be deprived of the assurance that the value of the property will be devoted to the payment of its claim. For, as indicated in Wright v. Vinton Branch, 300 U.S. 440, 468, 57 S.Ct. 556, 564, 81 L.Ed. 736, 112 A.L.R. 1455, if the debtor did redeem pursuant to that procedure, he would not get the property at less than its actual value. In that case *this Court,* in sustaining the constitutionality of § 75, sub. s, *emphasized that the Act preserved the right of the mortgagee to realize upon the security by a judicial sale.* By our construction the *exercise of this right is merely deferred or postponed until the other conditions and requirements of the Act, prescribed for the protection of the debtor, have been met. It is eventually denied the creditor only in case he is paid the full amount of what he can constitutionally claim."* 311 U.S. page 279, 61 S. Ct. 200, 85 L.Ed. 184. (Emphasis supplied.)

"But there is nothing in that opinion or in the Act which says that that power of the court may be utilized so as to wipe out the clear and express right of the debtor under § 75, sub. s (3), to redeem at the reappraised value or at the value fixed by the court." 311 U.S. page 280, 61 S.Ct. 200, 85 L.Ed. 184.

"We hold that the debtor's cross petition should have been granted; that he was entitled to have the property reappraised or the value fixed at a hearing; and that the value having been determined at a hearing in conformity with his request, he was then entitled to have a reasonable time, fixed by the court, in which to redeem at that value; and that if he did so redeem, the land should be turned over to him free and clear of encumbrances and his discharge granted. *Only in case the debtor failed to redeem within a reasonable time would the court be authorized to order a public sale."* 311 U.S. page 281, 61 S.Ct. 201, 85 L.Ed. 184. (Emphasis supplied.)

I find in the above quotations no equivocation of language and no indication upon the part of the writer that the Court's interpretation of the Act was meant to be limited solely to that portion providing for a sale where the bankrupt had failed to comply with provisions of the Act or orders of the Court made pursuant thereto. Every indication all through the opinion leads to the conclusion that the Supreme Court was dealing with that provision of the Act providing for the granting of a request for a public sale that was *mandatory,* not discretionary. All of the cases cited by the creditor in support of its position, with the sole exception of In re Carter, supra, were decided prior to the rendering of the Supreme Court's opinion in the Wright case, supra. The fact that petitions for certiorari were denied in such cases is not persuasive. The Wright opinion, which is subsequent thereto, speaks for itself clearly and effectually against the interpretation sought by the creditor herein. The bankrupt in this case has petitioned for the right to redeem the property at the value fixed by the Court. The granting of such request is mandatory by the Act itself, and is amply supported by the Supreme court's opinion in the Wright case. A denial of such right to the bankrupt would be error. I am, accordingly, of the opinion that the Conciliation Commissioner's order denying the creditors the right to a public sale as against the bankrupt's petition for redemption was correct, and it will be, in all things, affirmed.