Douglass D. Storey, of Harrisburg, Pa. (Storey & Bailey, of Harrisburg, Pa., on the brief), for appellants.

Elmer E. Harter, Jr., of Harrisburg, Pa. (Daniels & Harter, of Harrisburg, Pa., on the brief), for appellee.

Before BIGGS, ALBERT LEE STEPHENS, and McLAUGHLIN, Circuit Judges.

## PER CURIAM.

In view of the stipulation filed by Davis, the original plaintiff, and by the original defendant and third-party plaintiff, Associated Indemnity Corporation, in the District Court of the United States for the Middle District of Pennsylvania, the appeal in this cause has become moot. Accordingly it will be dismissed.

## WOLFHEIM v. STATE OF SOUTH DAKOTA.

No. 13031.

Circuit Court of Appeals, Eighth Circuit.

Aug. 8, 1945.

Motion to Modify Denied Sept. 11, 1945.

M. C. Lasell, of Aberdeen, S. D., for appellant.

W. O. Knight, Asst. Atty. Gen., of South Dakota (George T. Mickelson, Atty. Gen., on the brief), for appellee.

Before GARDNER, JOHNSEN and RIDDICK, Circuit Judges.

JOHNSEN, Circuit Judge.

Appellant, a farmer in bankruptcy under section 75, sub. s, of the Bankruptcy Act, 11 U.S.C.A. § 203, sub. s, sought to redeem his land by paying into court, pursuant to sub. s(3), the amount for which it had been appraised in the proceeding. Appellee, a mortgagee of the land, thereupon filed an application to have the property sold instead at public auction. The court granted appellee's application, on the ground that the right of a secured creditor to demand a sale of the lien property at public auction was paramount to the right of the farmer-bankrupt to redeem for the amount of an appraisal.

Subsection s(3), 11 U.S.C.A. § 203, sub. s(3), provides: "At the end of three years, or prior thereto, the debtor may pay into court the amount of the appraisal of the property of which he retains possession, including the amount of encumbrances on his exemptions, up to the amount of the appraisal, less the amount paid on principal: Provided, That upon request of any secured or unsecured creditor, or upon request of the debtor, the court shall cause a reappraisal of the debtor's property, or in its discretion set a date for hearing, and after such hearing, fix the value of the property, in accordance with the evidence submitted, and the debtor shall then pay the value so arrived at into court, less payments made on the principal, for distribution to all secured and unsecured creditors, as their interests may appear, and thereupon the court shall, by an order, turn over full possession and title of said property, free and clear of encumbrances to the debtor: Provided, That upon request in writing by any secured creditor or creditors, the court shall order the property upon which such secured creditors have a lien to be sold at public auction. The debtor shall have ninety days to redeem any property sold at such sale, by paying the amount for which any such property was sold, together with 5 per centum per annum interest, into court, and he may apply for his discharge, as provided for by this title. If, however, the debtor at any time fails to comply with the provisions of this section, or with any orders of the court made pursuant to this section, or is unable to refinance himself within three years, the court may order the appointment of a trustee, and order the property sold or otherwise disposed of as provided for in this title."

The court based its ruling upon In re Carter, D.C.W.D.Va., 56 F.Supp. 385, and the interpretation made in that case of Wright v. Union Central Life Ins. Co., 311 U.S. 273, 61 S.Ct. 196, 85 L.Ed. 184. We are unable to see, however, how the language in the Wright case can be given any such implication as has been read into it by the Carter case or as the trial court has given it here.

The opinion in the Wright case says, 311 U.S. at pages 275, 277, 278, 279, 281, 61 S.Ct. at page 198, 85 L.Ed. 184: "The narrow issue presented by this petition for certiorari and which moved us to grant it is whether under § 75, sub. s(3), the debtor must be accorded an opportunity, on his request, to redeem the property at the reappraised value or at a value fixed by the court before the court may order a

public sale. * * * We think that the denial of an opportunity for the debtor to redeem at the value fixed by the court [in this case] before ordering a public sale was error. The provision in § 75, sub. s(3) that at the end of three years, or prior thereto, the debtor may pay into court the amount of the appraisal of the property, is followed by two provisos. The first states that 'upon request of any secured or unsecured creditor, or upon request of the debtor, the court shall cause a reappraisal of the debtor's property, or in its discretion set a date for hearing, and after such hearing, fix the value of the property, * * * and the debtor shall then pay the value so arrived at into court * * *.' The second provides that 'upon request in writing by any secured creditor or creditors, the court shall order the property upon which such secured creditors have a lien to be sold at public auction.' True, the granting of a request for a public sale is mandatory. But so is the granting of a request for a valuation at which the debtor may redeem. Yet a reconciliation of these seemingly inconsistent remedies is not difficult if the purpose and function of the Act are not obscured. This Act provided a procedure to effectuate a broad program of rehabilitation of distressed farmers faced with the disaster of forced sales and an oppressive burden of debt. * * * Safeguards were provided to protect the rights of secured creditors, throughout the proceedings, to the extent of the value of the property. * * * There is no constitutional claim of the creditor to more than that. * * * Under our construction, * * * the debtor will be given the benefit of an express mandate of the Act. And the creditor will not be deprived of the assurance that the value of the property will be devoted to the payment of its claim. For, as indicated in Wright v. Vinton Branch of Mountain Trust Bank [of Roanoke, Va.], 300 U.S. 440, 468, 57 S.Ct. 556, 564, 81 L.Ed. 736, 112 A.L.R. 1455, if the debtor did redeem pursuant to that procedure, he would not get the property at less than its actual value. In that case this Court, in sustaining the constitutionality of § 75, sub. s, emphasized that the Act preserved the right of the mortgagee to realize upon the security by a judicial sale. By our construction the exercise of this right is merely deferred or postponed until the other conditions and requirements of the Act, prescribed for the protection of the debtor, have been met. It is eventually denied the creditor only in case he is paid the full amount of what he can constitutionally claim. * * * We hold that * * * he [the debtor] was entitled to have the property reappraised or the value fixed at a hearing; that the value having been determined at a hearing in conformity with his request, he was then entitled to have a reasonable time, fixed by the court, in which to redeem at that value; and that if he did so redeem, the land should be turned over to him free and clear of encumbrances and his discharge granted. Only in case the debtor failed to redeem within a reasonable time would the court be authorized to order a public sale." [1]

 This clear expression by the Supreme Court requires that the order of the trial court be reversed. The court may, of course, on a remand of the case, allow a reappraisal or itself fix the value of the property on a proper hearing, but, since the three-year stay period has now apparently expired, it should also, under the circumstances, as directed in the Wright case, fix a reasonable time within which appellant may make redemption for the amount of such reappraisal as may be had or of the value fixed by the court on a hearing.

Reversed and remanded for further proceedings.

---

[1] The proceedings involved in the Wright case were apparently had at the expiration of the three-year stay period.