## CHANEY v. STOVER.
### No. 5540.

Circuit Court of Appeals, Fourth Circuit.
Dec. 28, 1946.
Writ of Certiorari Denied April 7, 1947.

Joseph I. Nachman, of Staunton, Va. (Charles A. Hammer, Jr., of Harrisburg, Va., on the brief), for appellant.

J. M. Perry, of Staunton, Va. (L. W. H. Peyton, of Staunton, Va., on the brief), for appellee.

Before PARKER, and SOPER, Circuit Judges, and WILLIAM C. COLEMAN, District Judge.

PARKER, Circuit Judge.

This is another appeal in the bankruptcy proceeding which was before us in Chaney v. Stover, 4 Cir., 123 F.2d 945. Mrs. Chaney, the appellant, is a farmer who filed a petition under section 75 of the Bankruptcy Act, 11 U.S.C.A. § 203, and later amended it under section 75 sub. s, asking to be adjudged a bankrupt. The lower court had entered order dismissing the petition on the ground that debtor was not a farmer; and on the former appeal we reversed that order and remanded the case for further proceedings under 75, sub. s. Appellant was adjudged bankrupt in January, 1942, and in July of that year an order was entered appraising at $5,500 the real estate covered by the mortgage she had given to Stover, the appellee, and granting appellant a stay of three years in the foreclosure of the indebtedness on condition that she pay $500 per year as rent for the property and $330 per year in addition to be applied toward payment of the mortgage indebtedness. The rent was to be paid in semi-annual installments, and three installments were paid, the last being on January 20, 1944. The other payments were to be made quarterly and the last was made on April 20, 1944.

In December, 1942, bankrupt asked a reappraisal of the land covered by the mortgage in order that she might redeem it pursuant to statute. The Conciliation Commissioner entered an order denying the reappraisal, but this was reversed by the District Judge. The proceedings for reappraisal were allowed to drag and not until August, 1944, was the reappraisal had, when the land was appraised at $10,720. Nothing further was done at the time, but in March, 1945, bankrupt filed petition with the Conciliation Commissioner asking that a reasonable time be fixed within which she might pay the reappraised value of the land into court and have it released to her discharged of liens. The Conciliation Commissioner took no action on this petition and bankrupt did not bring it on for hearing before him. In April, 1946, Stover, the mortgage creditor, filed petition asking that, as the three year moratorium had expired, a trustee be appointed to make sale of the land; and the Conciliation Commissioner thereupon entered an order granting the petition, which the District Judge reversed on petition for review. The order of the judge provided, however, that bankrupt have 20 days within which to pay into court the reappraised value of the land and all delinquent installments of rent; and the opinion filed with the order and referred to therein stated that the judge would then decide whether he would adhere to or recede from his prior holding in In re Carter, D.C.Va., 56 F.Supp. 385, the effect of which was to deny a bankrupt in the position of the bankrupt here the right to redeem under the statute in the face of a request by the creditor that the property be sold under the mortgage. The bankrupt has appealed from the judge's order complaining that the court could not require the payment into court of the appraised value of the property as a condition of passing upon her rights under the statute, nor could it require the payment of arrearages in rent as a condition of allowing the redemption at appraised value for which the statute provides.

We agree that plaintiff is entitled to a determination of her right to redeem under the statute, without being required to pay the appraised value of the land into court as a condition of such determination. The clear intent of the statute is to permit a bankrupt to redeem his property at what it is worth; and the court, upon his petition, should determine in advance and set forth in its decree what must be done by him to have the property released to him discharged of liens, so that he can arrange the financing necessary to comply with what is required. To require, as did the judge below, that the bankrupt put up the value of the property before the court decides whether or not he is entitled to have

it released is in effect to deny the relief which the statute contemplates, since no prudent lender would agree to advance funds to be secured by a lien on the property unless contemporaneously with the loan it were released from the court's jurisdiction and subjected to a lien in his favor.

■ The real question presented to the judge by bankrupt's petition for review of the Conciliation Commissioner's order was whether bankrupt was entitled to an opportunity to redeem the property at its value as fixed by the court, notwithstanding her default in rental payments and notwithstanding the expiration of the moratorium. We think that this question must be answered in the affirmative. Wright v. Union Central Life Ins. Co., 311 U.S. 273, 61 S.Ct. 196, 85 L.Ed. 184; Wolfheim v. State of South Dakota, 8 Cir., 150 F.2d 1005; In re Szarkowski, D.C.N.D., 60 F.Supp. 402, affirmed 8 Cir., 151 F.2d 153; Worley v. Wahlquist, 8 Cir., 150 F.2d 1007. We agree with the Eighth Circuit that the lower court's decision in the Carter case, supra, is in conflict with the Supreme Court's decision in Wright v. Union Central Life Ins. Co., supra, and cannot be sustained. See Worley v. Wahlquist, 8 Cir., 150 F.2d at page 1007.

The precise point was clearly before the court in the Wright case and was clearly decided. Dealing with the contention that the right of the creditor to insist on public sale when the bankrupt's default had accelerated the termination of the moratorium, which does not differ in principle from the point before us, the court said [311 U.S. 273, 61 S.Ct. 200]:

"Respondent, however, places great reliance on that part of § 75 sub. s(3), which provides that if the debtor 'at any time fails to comply with the provisions of this section, or with any orders of the court made pursuant to this section, or is unable to refinance himself within three years, the court [below] may order the appointment of a trustee, and order the property sold or otherwise disposed of as provided for in this Act.' This provision is somewhat ambiguous. And no significant light is thrown on its meaning by the Committee Reports. To be sure it was relied on by this Court in

Wright v. Vinton Branch, supra, 300 U.S. [440] pages 460–462, 57 S.Ct. [556] pages 560, 561, 81 L.Ed. 736, 112 A.L.R. 1455, for the conclusion that the three-year stay provided for in § 75 sub. s(2), is not an 'absolute one' but that 'the court may terminate the stay and order a sale earlier.' (at page 461 of 300 U.S. at page 561 of 57 S.Ct.). But there is nothing in that opinion or in the Act which says that that power of the court may be utilized so as to wipe out the clear and express right of the debtor under § 75, sub. s(3), to redeem at the reappraised value or at the value fixed by the court. Nor can the existence of that power be fairly implied. The power of the court 'to order the property sold or otherwise disposed of as provided for in this Act' cannot be taken to mean a discretionary power to terminate the proceedings through the exclusive device of a public sale. Congress has provided that certain contumacious conduct on the part of the debtor or his inability to refinance himself within three years may be an appropriate basis for a termination of the proceedings or for an acceleration thereof. We cannot infer, however, that Congress intended that such facts should have any further legal significance under the Act. * * * We hold that the debtor's cross petition should have been granted; that he was entitled to have the property reappraised or the value fixed at a hearing; that the value having been determined at a hearing in conformity with his request, he was then entitled to have a reasonable time, fixed by the court, in which to redeem at that value; and that if he did so redeem, the land should be turned over to him free and clear of encumbrances and his discharge granted. Only in case the debtor failed to redeem within a reasonable time would the court be authorized to order a public sale."

■ We think it clear, also, that it was erroneous to impose upon bankrupt the payment of rentals in default as a condition of the right to redeem the land at its value as fixed by the court. Upon bankrupt's default, the creditor's remedy was to move that the stay be terminated; and the Supreme Court has held in the Wright case, in the passage above quoted, that this is the exclusive remedy for failure to comply

with the court's orders in this respect. See also Worley v. Wahlquist, supra, 8 Cir., 150 F.2d 1007, 1011.

We do not think, however, that the bankrupt is necessarily entitled to redeem at the value fixed by the reappraisal had in August, 1944. The proceedings have been delayed through fault of the bankrupt as well as fault of the creditor until more than two years have gone by during which, as is suggested by counsel and as the court can notice judicially, there has been great enhancement in property values. The purpose of the provision of the bankruptcy act upon which bankrupt relies was to permit bankrupt to redeem the property at its value at the time of the redemption. As said in the opinion in the Wright case, supra, 311 U.S. at page 278, 61 S.Ct. at page 199, 85 L.Ed. 184, "Safeguards were provided to protect the rights of creditors, throughout the proceedings, to the extent of the value of the property"; and this protection would not be afforded "throughout the proceedings" if at any stage it were possible for the debtor to redeem the property at less than its value at that time. Where it appears to the court that during a delay in proceedings there has been such a shift in property values that a prior appraisal of the property cannot be relied upon for a determination of its present value, a new appraisal should be ordered. We think that power to order such reappraisal is implicit in the statute, and that, irrespective of the statutory provision with regard thereto, it inheres in the general equity powers which a court of bankruptcy exercises in the administration of the statute. As said in Worley v. Wahlquist, supra, 8 Cir., 150 F.2d at page 1010:

"The statute purports to give an absolute right, on the timely request of either a creditor or the bankrupt himself, to have one reappraisal made in the proceeding or the value fixed on a hearing, before the court is required to enter any redemption order. The language used is that 'upon request of any secured or unsecured creditor, or upon request of the debtor, the court *shall* cause a reappraisal of the debtor's property, or in its discretion set a date for hearing, and after such hearing, fix the value of the property, in accordance with the evidence submitted, and the debtor shall then pay the value so arrived at into court' (emphasis added), if he desires to make a redemption. 11 U.S.C.A. § 203, sub. s(3); and compare In re Wright, 7 Cir., 126 F.2d 92, certiorari denied 317 U.S. 627, 63 S.Ct. 39, 87 L.Ed. 507. Whether any additional reappraisal or hearing to fix value should thereafter be had would seem to be wholly a matter for the court's sound discretion on the circumstances of the particular situation."

The judgment below will be reversed and the cause will be remanded with direction that a reappraisal of the property be had and that bankrupt be allowed 30 days thereafter within which to redeem the property under the statute at the value fixed on such reappraisal; and that, upon failure of bankrupt to exercise the right within the 30 day period, the property be sold under order of court for the satisfaction of the mortgage indebtedness.

Reversed and remanded with directions.