**PARKER v. UNITED STATES.**
**In re PARKER.**
**ANDREWS v. UNITED STATES.**
**In re ANDREWS et al.**

Nos. 4086, 4087.

United States Court of Appeals
Tenth Circuit.

Oct. 28, 1950.

Merle M. Marshall, Alamosa, Colo., for appellants.

Clifford C. Chittim, Assistant United States Attorney, Boulder, Colo. (Max M. Bulkeley, United States Attorney, Denver, Colo., Neil Brooks, Associate Solicitor, Dept. of Agriculture, Washington, D. C., S. E. Paul, Regional Attorney, Dept. of Agriculture, and R. N. Robinson, Attorney, Dept. of Agriculture, Denver, Colo., on the brief), for appellee.

Before PHILLIPS, Chief Judge, and MURRAH and PICKETT, Circuit Judges.

MURRAH, Circuit Judge.

This is an appeal from orders of the United States District Court of Colorado denying two farmer bankrupts their asserted right of redemption under the first proviso of Section 75, sub. s(3) of the Bankruptcy Act, 11 U.S.C.A. § 203, subd. s(3), and ordering the appointment of a Trustee for the sale of their property, subject to a right of redemption 90 days after such sale, under the second proviso of the same Section. The two cases involving the same issues and similar facts are consolidated on appeal.

Each of the appellants was adjudicated bankrupt under the provisions of Section 75, sub. s. The Government, as a secured and principal creditor, filed its proof of claim in each case for approximately $16,-000. In June, 1946, the Conciliation Commissioner entered an order in each case, approving an appraisal of the property, fixing rents, allowing the bankrupts to retain possession of their property and staying all proceedings in respect thereto for a period of three years, as provided by Section 75, sub. s(1) and (2).

In order to accord a farmer bankrupt every opportunity of rehabilitation and to protect the rights of his creditors during such period, Section 75, sub. s(3) provides that "At the end of three years, or prior thereto, the debtor may [redeem his property by paying] into court the amount of the appraisal * * * : Provided, That upon request of any secured or unsecured creditor, or upon request of the debtor, the court shall cause a reappraisal of the debt-

or's property, or in its discretion set a date for hearing, and after such hearing, fix the value of the property, in accordance with the evidence submitted, and the debtor shall then pay the value so arrived at into court, * * * and thereupon the court shall, by an order, turn over full possession and title of said property, free and clear of encumbrances to the debtor: Provided, That upon request in writing by any secured creditor or creditors, the court shall order the property upon which such secured creditors have a lien to be sold at public auction. The debtor shall have ninety days to redeem any property sold at such sale * * *."

On August 5, 1948, approximately ten months before the expiration of the three-year stay period, each of the appellants filed a "Motion for Redemption or Purchase of Property," and petitioned the Commissioner to determine, "pursuant to statute and in accordance therewith, the value of and amount of the real and personal property at which the said debtor may redeem or repurchase the same, and that in said order it be fixed and determined the terms upon which said payments shall be made and the time within which the same shall be made, and for such other and further relief as to the court may seem equitable."

These motions were not set for hearing or acted upon by the Commissioner, and no further effort to redeem was made by either debtor before the expiration of the three-year stay period in June, 1949. Shortly after the expiration of the stay period appellant Parker filed a further motion stating his desire to purchase his property at the value set by the initial appraisement, and asked permission to negotiate a loan for the purpose of obtaining the purchase price. This motion likewise was not acted upon, and in October the Government petitioned for the appointment of a Trustee in each case to sell the debtor's property at public sale. On hearing, the Commissioner held in effect that a public sale could not be ordered until the debtors were accorded a reasonable time in which to redeem their property. The Government's requests for a public sale were denied, and

each of the debtors was given ninety days in which to redeem their property for the amount of the initial appraisement. On petition for review, the trial court held that since the three-year stay period had elapsed without a payment of the initial appraised value, and since neither the debtor nor his creditor had requested a reappraisal under the first proviso of Section 75, sub. s(3) their right to redeem at the initial value or at a reappraised value had been lost. The Commissioner's order was vacated, and the court ordered the appointment of a Trustee to sell the property at public sale with the right of the debtor to redeem ninety days thereafter, in accordance with the second proviso of § 75, sub. s. (3).

■■ Neither of the appellants paid into court the amount of the initial appraisal, and we agree with the trial court that they do not now have the right to redeem at that value. But, we cannot agree that appellants did not request a reappraisal or revaluation under the first proviso of Section 75, sub. s(3). In their motion for "Redemption or Purchase of Property," filed approximately ten months before the expiration of the stay period, each of the appellants asked that the value of his property be determined "pursuant to statute and in accordance therewith," for the purpose of redemption or repurchase, and that a time be fixed within which payment should be made. We think such motion plainly states a request for a reappraisal, as contemplated by the first proviso of Section 75, sub. s(3).

■ Having timely asserted their right to a reappraisal, it became the mandatory duty of the trial court "to cause a reappraisal of the debtor's property, or in its discretion set a date for hearing, and after such hearing fix the value of the property, in accordance with the evidence." For since Wright v. Union Central Ins. Co., 311 U.S. 273, 61 S.Ct. 196, 85 L.Ed. 184, the right of the debtor to redeem at the reappraised or determined value is paramount and cannot be defeated by the secured creditor's request for sale. When the rights of the debtor under the first proviso of § 75, sub. s(3) have been timely invoked,

the right of the secured creditor to a public sale under the second proviso is "postponed" until the value of the property is determined and the debtor is given a reasonable time in which to redeem at the fixed value. Wright v. Union Central Ins. Co., supra. See also Wolfheim v. State of South Dakota, 8 Cir., 150 F.2d 1005; Worley v. Wahlquist, 8 Cir., 150 F.2d 1007; Chaney v. Stover, 4 Cir., 158 F.2d 604; State of North Dakota v. Szarkowski, 8 Cir., 151 F.2d 153; Annotation 161 A.L.R. 926.

The judgments are reversed and the causes remanded with directions to cause a reappraisal of the debtor's property, or conduct a hearing for the purpose of fixing value in accordance with the evidence submitted, and allow a reasonable time in which the debtors may redeem at the fixed value.

Reversed.