## BOWMAN *v.* LOPERENA ET AL.

No. 59. Submitted November 20, 1940.—Decided December 9, 1940.

*Mr. Llewellyn A. Luce* submitted for petitioner.

No appearance for respondents.

MR. JUSTICE ROBERTS delivered the opinion of the Court.

The sole question for decision is whether the Circuit Court of Appeals properly dismissed as untimely an appeal from an order made by a District Court sitting in bankruptcy.

The proceeding was initiated by the petitioner, hereinafter spoken of as the debtor, in the District Court, for

an extension under § 74 of the Bankruptcy Act as amended.[1] The petition, filed May 23, 1935, was referred to a referee, who denied it July 26, 1935. May 15, 1936, the court, on petition for review, re-referred the cause to a referee, who, on August 19, 1936, filed his certificate with the court in which he concluded: "I therefore recommend that the proposal or proposals of the debtor for an extension under § 74 of the Bankruptcy Act be not confirmed, and that the debtor be adjudicated a bankrupt."

August 21, 1936, the District Court, reciting the referee's recommendation, made an order adjudicating the debtor a bankrupt and again referring the cause to the referee for further proceedings in bankruptcy.

August 28, 1936, the debtor prayed a review and the referee certified the matter to the court. In the petition for review both the action of the referee in reporting his recommendations instead of granting or dismissing the petition for extension, and the action of the court on the referee's report adjudicating the debtor a bankrupt, were challenged. September 10, 1936, the debtor filed a petition for rehearing of the order of adjudication, praying that it be vacated and the cause reheard. October 14, 1936, motion was filed by the debtor, after due notice to the parties in interest, praying that the order of adjudication be vacated and the proceeding dismissed without prejudice.

October 16, 1936, a district judge heard the motion for rehearing and the motion to vacate the adjudication and entered an order that the entire matter of the debtor's petition for extension which was re-referred to the referee May 15, 1936, be again re-referred to him with direction to hear and consider the petition for extension and any supplemental petition, and to make an order or orders

---

[1] Act of March 3, 1933, c. 204, § 1, 47 Stat. 1467; Act of June 7, 1934, c. 424, § 2, 48 Stat. 922, 923; 11 U. S. C. (1934) § 202.

thereon as provided by the Act and the General Orders, and continuing: "it is further ordered that all proceedings herein, other than those hereinabove ordered, and particularly any further proceedings under the Adjudication and Order of Reference under Section 74 entered on August 21st, 1936, be stayed until the further order of this Court made by a Judge thereof." It will be observed that the court did not finally dispose of the petition and motion so far as they were directed to the adjudication of the debtor.

Proceedings on a supplemental proposal of extension were had before the referee from time to time and eventuated, on June 14, 1937, in an order denying the petition for extension. The debtor presented a petition for review to the referee July 15, 1937, and thereupon the latter made and forwarded to the court his certificate reciting the proceedings and certifying the evidence. The matter came on for hearing before the District Court and, on October 25, 1937, a judge of that court confirmed the order of the referee and ordered that the stay of proceedings under the order of adjudication of August 21, 1936, should be vacated and that the referee should proceed to perform his duties under the adjudication and order of reference.

November 15, 1937, the debtor filed a petition for rehearing in which he asked, *inter alia,* that the adjudication in bankruptcy be vacated and set aside. On the same day a judge of the District Court endorsed upon the petition:

"This petition having been 'seasonally presented' and 'entertained' by the above entitled court, permission to file same is hereby granted."

The petition for rehearing was heard by a judge of the District Court and, on February 17, 1938, he rendered his opinion and made an order thereon. 24 F. Supp. 381. In the opinion he said:

"This matter is before the Court (a) on a petition to review an order of this court denying review of an order to set aside adjudication; (b) on a petition to review an order of the Referee calling a meeting of creditors for electing, and electing a trustee, in the above entitled estate."

His order was: "The petition for review is denied."

March 18, 1938, an appeal to the Circuit Court of Appeals was allowed by the District Court. In his petition for appeal the debtor stated that he "does hereby appeal . . . from such order or orders, judgment or judgments, and particularly from the order of adjudication, made and entered August 21, 1936, . . ." His first assignment of error was to the order of adjudication.

The court below dismissed the appeal[2] in the view that, while it was taken within thirty days of the order denying the petition for rehearing, it came too late because the adjudication was entered August 21, 1936, and the time for appeal therefrom expired thirty days thereafter unless the running of time for taking appeal was suspended by application for rehearing. The court construed the petition for rehearing of September 10, 1936, as directed rather to the action of the referee than to the order of adjudication, but that petition, as we have seen, recited the adjudication, alleged that it was erroneous, and prayed that it be vacated. This position was reiterated in the motion of October 14, 1936, and both the petition and the motion were heard together and were the basis of the order of October 16, 1936, re-referring the case and staying the effective date of the adjudication until the further order of the court.

As appears from the order of October 25, 1937, the District Judge understood that the question of the propriety of the adjudication was before him and dealt

---

[2] *In re Bowman*, 110 F. 2d 348.

with it in his denial of the petition. Treating the petition of September 10, 1936, and the motion of October 14, 1936, as petitions for rehearing of the order of adjudication, and the petition of November 15, 1937, as a second petition for rehearing filed out of time, the endorsement upon the latter by a judge of the court, and the hearing held and opinion announced upon it, show that it was entertained by the court and dealt with upon its merits. Until the order of February 17, 1938, no final decision was rendered sustaining the adjudication as against the debtor's attack.

These circumstances enlarged the time for taking appeal from the order of adjudication. The filing of an untimely petition for rehearing which is not entertained or considered on its merits, or a motion for leave to file such a petition out of time, if not acted on or if denied by the trial court, cannot operate to extend the time for appeal.[3] But where the court allows the filing and, after considering the merits, denies the petition, the judgment of the court as originally entered does not become final until such denial, and the time for appeal runs from the date thereof.[4]

We hold that the court below should have entertained the appeal.

The judgment is reversed and the cause is remanded to the Circuit Court of Appeals for further proceedings in conformity to this opinion.

*Reversed.*

---

[3] *Morse* v. *United States,* 270 U. S. 151, 153, 154; *Wayne United Gas Co.* v. *Owens-Illinois Glass Co.,* 300 U. S. 131, 137.

[4] *Voorhees* v. *John T. Noye Mfg. Co.,* 151 U. S. 135, 137; *Gypsy Oil Co.* v. *Escoe,* 275 U. S. 498, 499; *Wayne United Gas Co.* v. *Owens-Illinois Glass Co., supra,* 137, 138.