**LINK et al. v. BOESHANS.**

No. 13063.

Circuit Court of Appeals, Eighth Circuit.

Sept. 24, 1945.

P. W. Lanier, of Fargo, N. D., and Floyd B. Sperry, of Golden Valley, N. D. (Floyd B. Sperry, of Golden Valley, N. D., on the brief), for appellants.

F. E. McCurdy, of Bismark, N. D., for appellee.

Before GARDNER and THOMAS, Circuit Judges, and MILLER, District Judge.

MILLER, District Judge.

The appellants are creditors of appellee and this is an appeal from an order of the district court approving and confirming orders of the conciliation commissioner, acting as referee, dated respectively March 11, May 22, June 5, July 11, and August 5, 1944, entered in a proceeding under Section 75, sub. s, of the Bankruptcy Act, 11 U.S. C.A. Section 203, sub. s.

The original petition for extension and compromise was filed by the appellee on January 21, 1944, and upon failing to obtain the required majority necessary to have the offer of extension and compromise accepted by the creditors and ap-

proved by the court an amended petition was filed, and appellee was adjudged a bankrupt on April 20, 1944.

The order of March 11, 1944, authorized appellee to execute a lien upon crops to be grown in 1944 to secure the repayment of money borrowed for the planting, cultivating and harvesting of the crops.

The order of May 22, 1944, authorized the bankrupt to file and prosecute a suit in a State court against the sheriff of Mercer County, North Dakota, for the recovery of certain personal property, or its value, which the sheriff had seized under process from a State court.

The order of June 5, 1944, approved the appraisal, fixed rentals, set aside exemptions and allowed the bankrupt to retain possession of the property, and recites that the interest owned by the bankrupt in certain land "is a freehold estate as defined by Section 539 [5309] of the 1913 Compiled Laws and in my opinion as long as it is a freehold estate the debtor can claim a homestead exemption as to 160 acres and the bankrupt would have to pay rent on the other real estate."

The testimony upon which the last mentioned order is based was heard on May 22, 1944. The bankrupt was present in person and by his attorney of record. Likewise, the appellants appeared by their attorney of record and introduced witnesses, and certain other creditors appeared by another attorney.

On July 6, 1944, the bankrupt filed an amended schedule, which was approved by the referee.

By the order of July 11, 1944, the referee set aside as exempt 160 acres of the land as the homestead of the bankrupt. Also, the claim of the bankrupt against the sheriff of Mercer County, North Dakota for $600 was set aside as an additional personal exemption.

The order further recites that the bankrupt had deposited $200 with the court, being the appraised value of the lease or interest of the bankrupt in all the real property. At the request of the bankrupt the court set a date for a hearing to determine the value of the interest owned by the bankrupt in the real property, exclusive of his homestead. The hearing, rather than a reappraisal of the interest of the bankrupt was ordered by the court under Section 75,

sub. s(3), of the Act. 11 U.S.C.A. § 203, sub. s(3).

At this hearing the bankrupt appeared in person and by his attorney and appellants appeared by their attorney. The testimony of witnesses, including one of the appellants, as to the market value of the interest owned by the bankrupt in the land other than the homestead, was heard by the referee, and on August 5, 1944, the order fixing the value of the interest of the bankrupt in the land at $1,247 and directing that the bankrupt should be given 60 days from that date in which to pay into court the balance of $1,047 for the redemption of the land was entered.

The land involved, including the homestead, was owned formerly by Joseph Boeshans, who on June 19, 1939, conveyed the same to the children of Henry J. Boeshans, the bankrupt. The record reflects that the bankrupt had agreed to contribute to the support of Joseph Boeshans, and it was provided in the conveyance that the real estate should be possessed by the said Henry J. Boeshans, who should have the use of the land as long as he should live and after his death such use and possession should pass to his children. The agreement further provided that any of the children of the bankrupt upon arriving at their majority might receive the value of his or her share and interest in the property by either receiving the value at the time of majority or the same might be left to be divided and distributed after the death of the bankrupt, Henry J. Boeshans.

The interest of the bankrupt in the land was a chattel real. He had a diminishing possessory right to the land for life, depending upon the exercise by his children of their option to take possession of their interest upon reaching their majority.

On October 10, 1944, the appellants filed what they designated as a "Petition for Review and Exceptions and Objections to Orders" of the conciliation commissioner as acting referee.

Upon receipt of the petition by the referee, the record was certified to the District Judge who entered the order appealed from on December 28, 1944.

The appellants on oral argument contended that at the time the order of July 11, 1944, allowing a hearing on the petition of appellee for redemption and for fixing the value of the interest of appellee in the real

property was entered that there had been no appraisal as required by the Act.

■ The record reflects that on June 5, 1944, the conciliation commissioner after a hearing at which appellants appeared by their attorney and one of them testified, entered an order approving the appraisal, fixing the rental to be paid by appellee and permitting him to retain possession of the property. It was during this hearing that evidence was adduced showing the interest of the appellee in the real property, and after such interest had been definitely determined the conciliation commissioner, acting as referee, in the exercise of his discretion decided that the value of such interest could be determined more accurately by a hearing than by a reappraisal. Such action was in accordance with the plain provisions of Section 75, sub. s(3), of the Act, 11 U.S.C.A. § 203, sub. s(3).

The appellants also contend that the conciliation commissioner, acting as referee, in fixing the value of appellee's interest in the real property at $1,247 flagrantly disregarded the evidence.

The value of this interest as shown by the testimony of the witnesses ranged from $500 to $3,000.

■ Value is a fact to be determined like any other question in dispute upon a consideration and weighing of evidence of all elements and factors affecting it. In this case the testimony covered a broad field, including topography and fertility of the land; its state of cultivation; its reasonable rental value; the kind of crops produced in the past and the nature and value of the crops that reasonably might be expected to be produced during the continuance of the interest and possession of the bankrupt; the kind and condition of the fences and improvements and the reasonable cost of necessary repairs to the improvements and replacements; the amount of the yearly taxes and other necessary expenses.

■ The findings of the conciliation commissioner, acting as referee, incorporated in the order disclose that he took into consideration all of these matters in determining the value of the interest owned by the bankrupt. He considered the opinions of the witnesses who testified that the interest was worth $3,000, but was not required to blindly accept that figure any more than he was required to accept the opinions that fixed the value at $500.

■ The appellants, in their brief, contend that the conciliation commissioner, acting as referee, erred in refusing to admit in evidence certain exhibits offered by them without producing for cross-examination the authors. The offered exhibits consisted of a notice under an appraisal proceeding in the case of G. Link v. Henry J. Boeshans pending in the district court of Mercer County, North Dakota, the sheriff's return upon an execution and the appraisal of the defendant's property at that time.

The conciliation commissioner, acting as referee, held that the exhibits were not admissible for the reason that the debtor, appellee, was entitled to cross-examine the persons who made the appraisal in the proceeding in the State court and that by admitting such documents the debtor would be denied such right and that the sheets might include property not owned by the debtor. Obviously the ruling was correct.

In Kauk v. Anderson, 8 Cir., 137 F.2d 331, 333, this court said:

"The conciliation commissioner in a case such as this is the trier of the issue of value and is acting as a referee. His findings of fact must be accepted upon review unless clearly erroneous. They are clearly erroneous if they are based upon a substantial error in the proceedings or upon a misapplication of the controlling law, or if they are unsupported by any substantial evidence, or if they are contrary to the clear weight of all the evidence. Dunsdon v. Federal Land Bank of St. Paul, supra [8 Cir., 137 F.2d 84]. The duty and responsibility of the conciliation commissioner is to impartially and completely try the issues of value upon the lawful evidence adduced by the parties, to fairly appraise the credibility of the witnesses and the weight of their evidence, and, upon the basis of the competent, credible evidence, to soundly determine the issues tried. The function of the district judge, in reviewing the determination of the conciliation commissioner, is to ascertain (1) whether a fair hearing was accorded, (2) whether all competent evidence offered was received and considered, (3) whether any incompetent evidence was received and relied upon, (4) whether there was substantial competent evidence to support the determination, and (5) whether it is contrary to the clear weight of all of the competent evidence adduced."

The appellee contends that the petition for review of the orders of the conciliation

commissioner, acting as referee, was filed after the expiration of the period allowed for the filing of such a petition by Section 39, sub. c, of the Bankruptcy Act, 11 U.S.C.A. § 67, sub. c, as construed by the Supreme Court of the United States in Pfister v. Northern Illinois Finance Corporation, 317 U.S. 144, 151, 153, 63 S.Ct. 133, 138, 87 L.Ed. 146. The court said:

"Since the petitions for rehearing, in our opinion, did not extend the time for review, we are brought to examine the question as to whether Section 39, sub. c, supra note 2, is a limitation on the power of the District Court to act or on the right of a party to seek review. Courts of bankruptcy are courts of equity without terms. Commissioners, like referees, masters and receivers, supervise estates under the eyes of the court with their orders subject to review. The entire process of rehabilitation, reorganization or liquidation is open to reexamination out of time by the District Court, in its discretion, and subject to intervening rights. Cf. Wayne United Gas Co. v. Owens-Illinois Co., 300 U.S. 131, 137, 57 S.Ct. 382, 385, 81 L.Ed. 557; Bowman v. Loperena, 311 U.S. 262, 266, 61 S.Ct. 201, 203, 85 L.Ed. 177.

"Prior to the adoption of 39, sub. c, General Order in Bankruptcy No. XXVII, now abrogated, governed review of referee's orders but it prescribed no time limitation. It was held that petitions should be filed within a reasonable time. Some local court rules therefore specified time limitations. Where such rules imposed definite limits on the time within which a petition for review could be filed, with extensions to be granted on cause shown, out of time petitions nevertheless were entertained and considered if cause was shown.

"Section 39, sub. c, was intended to establish definitely and clearly the proceeding for review of a referee's order in the interest of certainty and uniformity but the legislative history reveals no intention to change the preexisting rule as to power. Indeed, the Chandler Act by the amendment to Section 2(10) sought to conform the act to the prevailing practice as to the bankruptcy court's exercise of its appellate jurisdiction over referee's orders. We do not think Section 39, sub. c, was intended to be a limitation on the sound discretion of the bankruptcy court to permit the filing of petitions for review after the expiration of the period. The power in the bankruptcy court to review orders of the referee is unqualifiedly given in Section 2(10). The language quoted from Section 39, sub. c, is rather a limitation on the 'person aggrieved' to file such a petition as a matter of right.

"The review out of time of the Commissioner's orders is then a matter for the discretion of the District Court."

Regardless of the time limitation on the right of the person aggrieved to a review, the District Judge exercised the power and reviewed all the orders. He had before him a complete record of the evidence upon which the conciliation commissioner acted, and reached the conclusion that a fair hearing had been given all parties; that all competent evidence offered by the parties was received and considered; that no incompetent evidence was received and acted upon; that there was substantial competent evidence to support the finding and that the finding is not contrary to the clear weight of all the competent evidence adduced.

■ In Equitable Life Assur. Soc. of United States v. Deutschle, 8 Cir., 132 F.2d 525, 526, this court said:

"It is settled by numerous authorities that when the findings of a referee in bankruptcy (conciliation commissioner under § 75, sub. s [11 U.S.C.A. § 203, sub. s]) are supported by substantial evidence they are not 'clearly erroneous' within the meaning of General Order 47, 11 U.S.C.A., following section 53, and that they will not be disturbed on appeal. This is especially true where, as in this case, the order appealed from has been approved and confirmed by the district court. See Equitable Life Assur. Soc. v. Carmody, 8 Cir., 131 F.2d 318."

■ The findings of the conciliation commissioner, acting as referee, are supported by substantial evidence and the order of the district court confirming and approving the orders was correct.

The order appealed from is accordingly affirmed.