SUN–LITE AWNING CORPORATION et al.
v. E. J. CONKLIN AVIATION
CORPORATION.

No. 5900.

United States Court of Appeals
Fourth Circuit.

Argued July 6, 1949.

Decided August 4, 1949.

---

[4] Brief of the National Labor Relations Board, p. 36; Matter of Sebastian Kresge, 80 N.L.R.B. 72.

Israel Steingold, Richmond, Va. (Steingold & Steingold and Sands, Marks & Sands, Richmond, Va., on brief), for appellants.

Eugene W. McCaul, Richmond, Va., for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PARKER, Chief Judge.

 This is an appeal from an order dismissing an involuntary petition in bankruptcy filed against the E. J. Conklin Aviation Corporation by one of its creditors, the Sun-Lite Awning Corporation, in a proceeding in which two other creditors subsequently sought to intervene. The notice of appeal states that the appeal is taken from an order overruling a motion to alter and amend the order dismissing the involuntary petition in bankruptcy; but an examination of that motion shows that, although called a motion to alter and amend, it was in reality a petition for rehearing, now called a motion for new trial under Rule 59(a), Rules of Civil Procedure, 28 U.S.C.A. An examination of the statement of points to be relied upon on appeal, filed in connection with the notice of appeal, shows that the errors complained of were those alleged to have been made in the order dismissing the petition. We shall accordingly treat the appeal as taken from the order of dismissal, since we think that the notice of appeal must be construed in connection with the statement of points to be relied on; and, when so construed, it is clear that the purpose of appellants was to present for review the errors committed in the order dismissing the petition. See Fowler v. Zimmerman, 42 App.D.C. 70. There can be no question as to the timeliness of the appeal, whether the motion denominated a motion to alter and amend be considered as such or, in accordance with its true nature, as a petition for rehearing or motion for new trial. Rule 73(a) of Rules of Civil Procedure; Bowman v. Lopereno, 311 U.S. 262, 61 S.Ct. 201, 85 L.Ed. 177; Wayne United Gas Co. v. Owens-Illinois Glass Co., 300 U.S. 131, 137, 57 S.Ct. 382, 81 L.Ed. 557.

The facts are that, on May 6, 1948, the Sun-Lite Awning Corporation filed an involuntary petition in bankruptcy against the appellee, E. J. Conklin Aviation Corporation charging a preferential transfer of assets within the meaning of section 3 of the Bankruptcy Act, 11 U.S.C.A. § 21. A receiver was appointed upon the filing of the petition. Appellee denied the act of bankruptcy alleged and denied also that its creditors were fewer than twelve in number, but waived objection on the latter score in order that the court might pass at once on the petition. On June 4, 1948, the District Judge dismissed the petition on the ground that the preferential transfer had not been proved, but retained for future consideration the question as to the costs and damages to be awarded against the original petitioning creditor and its bond.

On June 15, 1948, eleven days after securing the dismissal of the bankruptcy petition, appellee procured the appointment of a receiver for its affairs by a state court on the ground of insolvency; and on July 30, the Sun-Lite Awning Corporation, with the permission of the court, filed an amended and supplemental petition setting up this

appointment of the receiver as an act of bankruptcy, in addition to various transfers of assets alleged to be preferential. Appellee admitted that it had committed an act of bankruptcy in procuring the appointment of the receiver, but objected to being adjudicated a bankrupt on the petition, on the ground that its creditors numbered more than twelve. This objection was sustained by the trial judge without giving the notice to creditors required by sec. 59, sub. d, of the Bankruptcy Act, 11 U.S.C.A. § 95, sub. d, although in the meantime two other creditors had petitioned to intervene in support of the petition for adjudication. On January 13, 1949, an order was entered dismissing the amended and supplemental petition and taxing $500 in favor of the receiver and $500 in favor of attorney for appellee against the prosecution bond filed by Sun-Lite Awning Company. That company and the two other creditors who had sought to intervene then filed the motion to alter and amend, above referred to; and, upon its denial, this appeal followed.

■ We think that there was error in dismissing the amended and supplemental petition. The learned trial judge found that the petition was not filed in bad faith and the statute expressly provides for the giving of notice to creditors where a petition is filed by less than three creditors and there is an allegation in the answer that the creditors number more than twelve, to the end that other creditors may join in the petition if they desire to do so and thus present the requisite number of petitioners. The language of the statute, 11 U.S.C.A. § 95, sub. d is:

"If it be averred in the petition that the creditors of the bankrupt, computed as provided in subdivision e of this section, are less than twelve in number, and less than three creditors have joined as petitioners therein, and the answer avers the existence of a larger number of creditors, there shall be filed with the answer a list under oath of all the creditors, with their addresses and a brief statement of the nature of their claims and the amounts thereof, and thereupon the court shall cause all such creditors to be notified of the pendency of such petition and shall delay the hearing upon such petition for a reasonable time, to the end that the parties in interest shall have an opportunity to be heard. If upon such hearing it shall appear that a sufficient number of qualified creditors have joined in such petition or, if prior to or during such hearing, a sufficient number of qualified creditors shall join therein, the case may be proceeded with, but otherwise it shall be dismissed."

And subsection f of the same section further provides:

"Creditors other than the original petitioners may at any time enter their appearance and join in the petition."

We see no reason why the procedure outlined by these sections should not have been followed or why the adjudication of bankruptcy should not have been made when three creditors were before the court asking an adjudication and appellee was admitting that it had committed an act of bankruptcy. The case is clearly ruled by the decision in Canute S. S. Co. v. Pittsburgh & West Virginia Coal Co., 263 U.S. 244, 248-249, 44 S.Ct. 67, 68, 68 L.Ed. 287, where the Supreme Court said:

"Section 59, sub. f, provides in unambiguous language that creditors other than the original petitioners may 'at any time' enter their appearance and 'join in the petition'. The right thus conferred is not limited to the period of four months after the commission of the act of bankruptcy alleged in the petition, either expressly or by implication; the only limitations as to point of time being those necessarily implied, that, on the one hand, the petition cannot be joined in after it has been dismissed and is no longer pending, and that, on the other hand, it must be joined in before the adjudication is made. Such intervention by other creditors is not an amendment to the original petition or equivalent to the filing of a new petition, but is, in the specific language of the act, a 'joining in' the original petition itself. And other creditors thus joining in the original petition necessarily acquire the status of petitioning creditors as of the date on which the original petition was filed, and may thereafter avail themselves of its allega.

tions, including those relating to the commission of the act of bankruptcy, as fully as if they had been original petitioners."

To the same effect are Syracuse Engineering Co. v. Haight, 2 Cir., 110 F.2d 468 and Guterman v. C. D. Parker & Co., 1 Cir., 86 F.2d 546, 550. As said in the case last cited, where a decree dismissing a petition was reversed:

"Where it appears that there are three qualified creditors, whether original petitioners or intervenors, having claims in the necessary amount, asking that the respondent be adjudged a bankrupt, the bankruptcy court is without any discretion in adjudging a respondent a bankrupt."

The case of Navison Shoe Co. v. Lane Shoe Co., 1 Cir., 36 F.2d 454, relied on by appellee, is not in point, since in that case there was no intervention by other creditors. Nor is the position of appellee sustained by the other case upon which it relies, In re Security Motor Co., D.C., 51 F.Supp. 559, where Judge Reeves refused to dismiss the petition on the ground that it could not be held that the sole petitioning creditor was guilty of fraud. Whether a court could dismiss a petition after the intervention of other creditors on the ground that the allegation that the number of creditors was less than twelve was fraudulent, we need not here decide, as the judge did not here find fraud or even bad faith in the filing of the petition.

We are not impressed with the argument that the petition should be denied because the state court, through its receivership, is capable of administering the assets of the estate. The act of appellee in procuring the appointment of a receiver, was in itself an act of bankruptcy, which gave creditors the right to have its assets administered in a court of bankruptcy, possessing all the plenary powers which the law vests in such a court. See U. S. Fidelity & Guaranty Co. v. Bray, 225 U.S. 205, 218, 32 S.Ct. 620, 56 L.Ed. 1055. This court cannot give its approval to an order which throws petitioning creditors out of court and penalizes them with $1,000 costs, when it appears that the requisite number of creditors was before the court

asking the adjudication and that the debtor had admitted the commission of one of the acts of bankruptcy alleged.

The order will be reversed and the case will be remanded with direction to adjudicate the appellee a bankrupt and take over the administration of its assets. The allowance of fees to the receiver and the attorney for the bankrupt need not be discussed, as that allowance falls with the reversal of the order of dismissal.

Reversed and Remanded with Directions.