## CROMELIN v. MARKWALTER.

No. 12954.

United States Court of Appeals
Fifth Circuit.

May 17, 1950.

Paul L. Cromelin, Columbia, S. C., in pro per.

E. D. Fulcher, Augusta, Ga., for appellee.

Before HUTCHESON, Chief Judge, and McCORD and WALLER, Circuit Judges.

PER CURIAM.

Appearing for himself personally as president of the debtor corporation, appellant, on June 4, 1949, filed in the reorganization proceeding two petitions. In these, reciting and referring to the proceedings previously taken in the cause, he sought to have the court "correct its past errors" by rescinding all the prior proceedings and orders,[1] made in the cause since the filing of the debtor petition by himself as president on September 15, 1947.

The claims of the petitions to the relief sought were mainly that the court had never held the hearings and made the prior determinations required by the bankruptcy law in debtor proceedings; that it had never afforded petitioner the hearings required by law; and that all of its orders of sale and confirmation were erroneous and must be set aside.

1. These included all the preliminary and final orders leading up to and culminating in the Nov. 19, 1947, order for the sale at private sale of the plant and the greater part of the assets of the debtor, and its confirmation at a price of $35,-000 on Nov. 24th, an order entered March 23, 1948, authorizing sale at private sale of the remaining assets; an order of April 10, 1948, confirming their sale; and an order of that date discharging Otis M. Benton, the original trustee as of Nov. 17, 1947, the date he had delivered to Markwalter, as successor trustee, the properties in his possession and taken his receipt therefor.

On the same date, Markwalter, as successor trustee, appeared by motion to dismiss, setting up among other grounds: that no facts were alleged entitling petitioner to the relief prayed; that petitioner, as president of the debtor corporation, had appealed from the Nov. 19th order of sale and had thereafter abandoned his appeal; that petitioner is not a proper party to file such proceedings; and that he has been personally adjudged bankrupt.

The court, in an order reciting that evidence and argument were heard, sustained the motion and dismissed the petition, and petitioner has appealed.

Appellee, while not filing a motion to dismiss, claims in his brief that the order appealed from is an order denying a petition for rehearing and is, therefore, not appealable, and that the matters sought to be presented on the appeal are not reviewable here.

If the petitions are to be treated as petitions for rehearing, as the petitions were in Bowman v. Loperena, 311 U.S. 262, 61 S.Ct. 201, 85 L.Ed. 177, where, after a motion for rehearing had been considered and denied, the petitioner appealed from the judgment which he was seeking to review, we think it plain that the consideration and determination of the petitions on the merits by the judge operated to extend the time for appeal from those judgments.

However, the petitioner here did not appeal or seek to appeal from the judgments he was attacking. He appealed only from the order denying his petitions, and this order, if the petitions were only in the nature of petitions for rehearing or for new trial, was not appealable. French v. Jeffries, 7 Cir., 161 F.2d 97; U. S. v. Muschany, 8 Cir., 156 F.2d 196.

It does not follow from this, however, that the appeal is not from an appealable order, for the petitions instead of being motions for new trial, under rule 59, were motions under rule 60(b), Rules of Federal Procedure, as amended Dec. 27, 1946, and Dec. 29, 1948, 28 U.S.C.A., and the order denying the petitions was appealable. Klapprott v. U. S., 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266.

We turn then to a consideration of the merits. So turning, we find nothing whatever in the record to support petitioner's claim that, in denying his petitions, the district judge erred.

██ In the first place, they were not filed in a reasonable time, and this is of the essence of a motion for relief under rule 60(b) on the ground claimed in the petitions that the orders were void. The petitions were not filed until more than a year after the sales had been made, the money paid, and the property delivered, though all of the proceedings now complained of had been taken with the full knowledge of appellant and, as to some of them, an appeal had been perfected and then abandoned.

In the second place, the record does not support the claims of the petitions that the orders were void.

The order appealed from is

Affirmed.