## CROMELIN v. FULCHER et al.
### No. 13730.

United States Court of Appeals
Fifth Circuit.

Nov. 7, 1951.

Roy V. Lind, Columbia, S. C., for appellant.

John Bell Towill, E. D. Fulcher, Augusta, Ga., for appellees.

Before HUTCHESON, Chief Judge, and BORAH and RUSSELL, Circuit Judges.

PER CURIAM.

As originally filed, the suit in two counts was by plaintiff, as sole owner or controller of all the stock in Cromelin's Air Activities, Inc., for damages caused to him by the wrongful acts of defendants in connection with a Chapter X, 11 U.S.C.A. § 501 et seq., corporate reorganization proceeding which he, as president of the corporation, had instituted.

The complaint in substance was, that by unlawfully interfering with, and preventing the successful carrying on and consummation of, the reorganization proceeding which he, as president of the corporation, had caused to be instituted, the defendants had caused him damages in the particulars and in the amounts sued for.

Thereafter an amended complaint, also in two counts, was filed. This, setting out at great length and in great detail evidentiary particulars of wrongful acts of defendants in connection with the reorganization proceeding and the affairs of the company, made in general effect the same claims that had been made in the first petition.

All of the defendants moved to dismiss the complaint for failure to state a cause of action and because the claim, if any, was barred by the statutes of limitations.

The motion coming on to be heard, the court, upon full consideration, dismissed the first cause of action for reasons fully stated in his memorandum and order. These were: (1) that a cause of action for combination and conspiracy under the Georgia law was not effectively stated; (2) that if in any part of it the complaint does allege an actionable wrong, the wrong is to the corporation and not to the stockholder, and any action for its redress would have to be an action by or for the corporation; and (3) that the substance of the matters charged had already been fully investigated and determined adversely to plaintiff's contention in the suit of Cromelin v. Markwalter, affirmed in 5 Cir., 181 F.2d 948.

The second cause of action was dismissed for the reasons above set forth and in addition on the ground that so much of this action as alleged injury to his reputation and credit rating was barred by the Georgia statute of limitations of one year, Code, § 3-1004.

Appealing from the judgment dismissing his petition, plaintiff is here insisting that the judgment was wrong and must be reversed.

Admitting that the second cause of action is barred by limitation, plaintiff devotes his argument entirely to the first cause of action, insisting that it was error to dismiss it.

We do not think so. We think it clear that the action of the district judge was right for the reasons that he gave and that the judgment should be affirmed.

Affirmed.