### THE ATLANTIC COAST.

**Evangelos PAPANIKOLAOU,**
**Libellant-Petitioner,**

v.

**ATLANTIC FREIGHTERS, Limited, and S. Livanos Ship Brokers, Ltd., both foreign corporations or associations, as owners and/or operators of the Liberian Steamship Atlantic Coast, Respondents.**

**No. 193.**

United States District Court
E. D. Virginia,
Newport News Division.
Aug. 27, 1954.

**368**

Morewitz & Morewitz, Newport News, Va., for libellant.

Hughes, Little & Seawell, Norfolk, Va., for respondents.

WILKIN, District Judge (By Designation).

 This cause was heard on respondents' exceptions to the jurisdiction. The libellant sues for damages resulting from personal injury, and for maintenance and cure, and wages. His claims arose out of his services aboard the Atlantic Coast, a Liberian vessel owned by a Panamanian corporation or association. Libellant was employed in England, was injured aboard the Atlantic Coast at Antwerp, Belgium, and was discharged or put ashore in England. Proctor for the libellant says no arrangements were made for the seaman's repatriation or maintenance and cure. Proctors for respondents, however, say the libellant was repatriated to his home in Greece and is now residing there. It was admitted by his Proctor that he is not in this country. It is apparent that this is a suit entirely between foreigners, arising out of occurrences abroad, and not involving any laws of the United States.

· The law is well settled that Admiralty Courts have jurisdiction of admiralty suits between foreigners when proper service can be had or property attached. It is discretionary, however, with the court whether it will accept such jurisdiction. Some good reason for accepting jurisdiction should be made to appear, such as convenience of obtaining evidence, or the adjustment of wages upon discharge of a seaman from a foreign vessel in an American port. When, however, a cause of action has arisen abroad and witnesses are abroad, the court will ordinarily not accept jurisdiction of a suit between foreigners.

Proctor for libellant cites Sections 596 and 597 of Title 46, U.S.C.A., but those sections do not govern the facts of this case. Other authorities cited by libellant are cases where expediency and justice required that the court assume juris-

diction. Considerations of expediency in this case would prompt suit in England, Belgium, or Greece, and there is no showing that libellant could not obtain justice in such countries.

When suit was instituted here, Proctors for respondents gave a letter undertaking to post bond for any judgment libellant might obtain. Libellant contends that such a letter was a general appearance and estops respondents from objecting to the court's jurisdiction. The letter was given as a substitute for an attachment against some vessel owned by respondents. It should, therefore, be considered as an attachment would be considered so far as jurisdiction is concerned. The letter does not preclude the respondents from filing exceptions to the jurisdiction, and it certainly does not preclude the court from exercise of its discretion in such a case.

The exceptions are, therefore, sustained, and the suit dismissed.