232 F.2d 663
 Evangelos PAPANIKOLAOU, Appellant,
v.
ATLANTIC FREIGHTERS, Ltd., and S. Livanos Shipbrokers, Ltd., both foreign corporations or associations, as owners and/or operators of the Liberian SS Atlantic Coast, Appellees.
 No. ____.
 United States Court of Appeals Fourth Circuit.
 Argued March 20, 1956.
 Decided April 9, 1956.
 
 Charles R. Dalton, Jr., Norfolk, Va., in support of motion.
 J. L. Morewitz, Newport News, Va., in opposition.
 Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.
 SOPER, Circuit Judge.
 
 
 1
 This case comes before us on a motion of the owner of the Liberian Steamship Atlantic Coast, to docket and dismiss the appeal of Evangelos Papanikolaou from a final order of the District Court whereby exceptions on jurisdictional grounds to a libel for personal injuries filed by him were sustained and the suit was dismissed. The motion to docket and dismiss the appeal is based on the ground that it was not taken within the statutory period of ninety days for an appeal in admiralty provided by the statute. 28 U.S.C. § 2107.
 
 
 2
 The hearing on the exceptions to the libel took place on July 27, 1954. It was shown that the libellant was a native of Greece who had taken employment on the ship in England and that the ship was a Liberian vessel owned by a Panamanian corporation; that the injury occurred on board at Antwerp, Belgium and that the libellant was subsequently put ashore in England and was not in the United States. The case was heard by Judge Wilkin who declined jurisdiction on the grounds that the suit was between foreigners; that it arose out of occurrences abroad and did not involve any laws of the United States; and that no showing was made that the libellant could not obtain justice abroad. These reasons were set out in a memorandum opinion prepared and signed by the judge and filed on August 27, 1954, D.C., 140 F.Supp. 367. It concluded with the following words: "The exceptions are, therefore, sustained, and the suit dismissed." Thereafter, on September 16, 1954, Judge Wilkin in a paper designated "final order" referred to his memorandum opinion and decreed that the suit be dismissed.
 
 
 3
 On September 20, 1954 the libellant filed a motion for rehearing which stated that it was filed to afford the libellant an opportunity to file an amended and supplemental libel and to introduce evidence to show that the court should exercise jurisdiction and also to require the respondent to present any evidence that might have bearing on the matter.
 
 
 4
 This motion for rehearing came up at a pretrial conference in October, 1954 before Judge Hoffman who advised the attorneys that the motion should be heard by Judge Wilkin. Neither party took any steps to bring the matter to Judge Wilkin's attention for more than a year. On October 25, 1955 the attorneys for libellant propounded extensive interrogatories to the respondents and on November 3, 1955 Judge Hoffman ordered that this matter be referred to Judge Wilkin for such action as he might deem proper. On November 8, 1955 Judge Wilkin, without further hearing, ordered that the motion for rehearing filed by libellant on September 20, 1954 and the interrogatories filed by him on October 25, 1955, be stricken from the files "because of the order of August 27, 1954, sustaining the exceptions of respondents to the jurisdiction and dismissing the case."
 
 
 5
 The libellant gave notice of appeal on January 5, 1956, that is, within the period of ninety days prescribed for appeal if Judge Wilkin's order of November 8, 1955 may be considered the final disposition of the case. We think it should be so considered for the following reasons. We hold in the first place that the order to which the motion for rehearing was directed was the order signed by Judge Wilkin on September 16, 1954. It is true that the concluding words of the memorandum opinion filed by him on August 27, 1954 directed the dismissal of the libel and that the date was used by him in his order of November 8, 1955 refusing to open the case; but, on the other hand, the judge deemed it necessary or desirable to file a formal judgment of dismissal, denominated "final order", on September 16, 1954 and consequently the attorneys for the libellant were justified in regarding this as the final judgment disposing of the case.
 
 
 6
 The motion for rehearing of September 20, 1954 was therefore within the period of ten days prescribed by the rules of the District Court and the applicable statutes. It is provided by Rule 59(b) of the Federal Rules of Civil Procedure, 28 U.S.C., that a motion for a new trial shall be served not later than ten days after the entry of judgment. The Federal Rules of Civil Procedure do not apply to proceedings in admiralty. See Rule 81(a) and Georgia Lumber Co. v. Compania, 323 U.S. 334, 65 S.Ct. 293, 89 L.Ed. 280. Admiralty Rule 44, 28 U. S.C.A., however, provides that the District Courts may regulate their practice in admiralty in such manner as they deem most expedient, not inconsistent with the admiralty rules. There is no admiralty rule with respect to the time for filing motions for rehearing, but Rule 24 of the United States District Court for the Eastern District of Virginia provides that any step in admiralty practice and procedure, which is not prescribed by statute or by the rules promulgated by the Supreme Court, shall be taken and proceeded with in the same manner as it would be done under the Federal Rules of Civil Procedure if said rules were applicable in admiralty.
 
 
 7
 We look therefore to the Federal Rules of Civil Procedure not only to ascertain the time within which a motion for rehearing in admiralty must be made in the court below, but also for the effect of such a motion when filed in due time. Rule 73(a) provides that the running of the time for appeal is terminated by a timely motion for a new trial under Rule 59, and that the full time for appeal in such a case commences to run and is to be computed from the entry of the order denying the motion. It is obvious that under this rule the time for appeal from Judge Wilkin's order of September 16, 1954 was extended by the libellant's motion for rehearing of September 20, 1954 until the motion for rehearing was denied on November 5, 1955, and until the expiration thereafter of the statutory period for appeal.
 
 
 8
 The same view of the effect of a timely motion to amend or strike out a judgment under Rule 73(a) was taken in Stevens v. Turner, 7 Cir., 222 F.2d 352; and it was also pointed out that under the decisions of the Supreme Court, the pendency of such a motion robs the judgment of the finality which is essential to appealability. In other words, an appeal taken while the motion is pending and undecided is premature and does not confer jurisdiction on the appellate court. This was the holding in United States v. Crescent Amusement Co., 323 U.S. 173, 65 S.Ct. 254, 89 L.Ed. 160, and Leishman v. Associated Electric Co., 318 U.S. 203, 63 S.Ct. 543, 87 L.Ed. 714. In the last mentioned case the court reaffirmed, 318 U.S. at page 205, 63 S.Ct. at page 544, the general rule approved in Morse v. United States, 270 U.S. 151, 153-154, 46 S.Ct. 241, 70 L.Ed. 518, "that where a petition for rehearing, a motion for a new trial, or a motion to vacate, amend or modify a judgment is seasonably made and entertained, the time for appeal does not begin to run until the disposition of the motion." See also Denholm v. C. I. R., 1 Cir., 132 F.2d 243, 249; Helvering v. Continental Oil Co., 63 App.D.C. 5, 68 F.2d 750; Burnet v. Lexington Ice & Coal Co., 4 Cir., 62 F.2d 906; Payne v. Garth, 8 Cir., 285 F. 301.
 
 
 9
 The moving party, however, contends that these authorities are irrelevant to the present controversy because the libellant's motion in the District Court to amend the pleadings and reopen the case for further evidence was not "entertained" by the judge but was summarily dismissed without a hearing. Especial reliance is placed upon a statement of the Supreme Court in Wayne United Gas Co. v. Owens-Illinois Glass Co., 300 U.S. 131, 137, 57 S.Ct. 382, 385, 81 L.Ed. 557, where it was held that a court of bankruptcy has the power in its discretion upon a petition for rehearing, where no intervening rights have accrued, to reopen an order dismissing a proceeding for corporate reorganization although the petition was filed after the time allowed for appeal from the order had expired. The Court, however, gave a warning in these words: "A defeated party who applies for a rehearing and does not appeal from the judgment or decree within the time limited for so doing, takes the risk that he may lose his right of appeal, as the application for rehearing, if the court refuse to entertain it, does not extend the time for appeal."
 
 
 10
 It is contended that under this ruling the libellant lost his right of appeal because Judge Wilkin refused to entertain his petition. We do not agree. Undoubtedly the petition was not entertained in the sense of a renewed inquiry by the court into the merits of the grounds upon which the petition was based, that is to say, the court did not again consider the question of jurisdiction, and hence there was no entertainment of the petition within the meaning of that term as used in Bowman v. Loperena, 311 U.S. 262, 266, 61 S.Ct. 201, 85 L.Ed. 177 and Pfister v. Northern Illinois Finance Corp., 317 U.S. 144, 150, 63 S.Ct. 133, 87 L.Ed. 146. But it is obvious that "entertainment" in this sense is not required when the time for filing a petition for rehearing is regulated by statute or rule of court, and the petition is seasonably filed. In such event the petition is entertained when the court acts upon it, and the petitioner may safely await the action of the court in reliance upon the rule that the time for appeal will not run until the court has acted, either by entering upon a consideration of the petition on its merits or dismissing it as unworthy of consideration. Indeed he has no alternative for, as we have seen, he cannot appeal in the meantime.
 
 
 11
 We are in accord with the following passage from the opinion in Fernandez v. Carrasquillo, 1 Cir., 146 F.2d 204, 206:
 
 
 12
 "`When the published rules of the court permit the filing of a petition for rehearing within a stated period, that means that the court will ordinarily consider such petition on its merits, i. e., entertain it. Ortiz v. Public Service Commission, 1 Cir., 1940, 108 F.2d 815, 816; Warren v. Territory of Hawaii, 9 Cir., 1941, 119 F.2d 936, 938, 939. It is not requisite that the motion for rehearing be set down for argument.' When the petition for rehearing is thus considered and disposed of on the merits it has been `entertained' by the court although the court may deny the petition without setting the case down for reargument and without any written opinion. Rule 32 of the Revised Rules of this court provides that `a petition for rehearing may be filed with the clerk within fifteen days (thirty days in appeals from Puerto Rico) after judgment is entered, unless the time is enlarged by order of the court.' When such a petition is filed in accordance with the rules we consider it timely filed as a matter of right, and the petition is considered and disposed of on its merits. If we find that our decision is not erroneous in the light of the arguments advanced in the petition, we usually enter an order, `Petition for rehearing denied' without granting a reargument and without a written opinion."
 
 
 13
 That the rule as to "entertainment" is confined to petitions or motions unseasonably filed is shown by the decision in Pfister v. Northern Illinois Finance Corp., 317 U.S. 144, 63 S.Ct. 133, 87 L. Ed. 146, where the former decision of the court in Wayne United Gas Co. v. Owens-Illinois Glass Co., 300 U.S. 131, 57 S.Ct. 382, 81 L.Ed. 557 was cited with approval, and the court had under consideration a petition for review of an order of a referee in bankruptcy which under § 39(c) of the statute must be filed within ten days after entry. The court said, 317 U.S. at page 149, 63 S.Ct. at page 137:
 
 
 14
 "Where a petition for rehearing of a referee's order is permitted to be filed, after the expiration of the time for a petition for review, and during the pendency of the bankruptcy proceedings, as here, they may be acted on, that is, they may be granted `before rights have vested on the faith of its action,' and the foundations of the original order may be reexamined. Wayne United Gas Co. v. Owens-Illinois Glass Co., 300 U.S. 131, 137, 57 S.Ct. 382, 385, 81 L.Ed. 557. When such a petition for rehearing is granted and the issues of the original order are re-examined and an order is entered, either denying or allowing a change in the original order, the time for review under 39, sub. c begins to run from that entry. Bowman v. Loperena, 311 U.S. 262, 266, 61 S.Ct. 201, 203, 85 L.Ed. 177; Wayne United Gas Co. v. Owens-Illinois Glass Co., 300 U.S. 131, 137-138, 57 S.Ct. 382, 385, 386, 81 L.Ed. 557. The reason for taking the later date for beginning the running of the time for review is that the opening of the earlier order by the court puts the basis of that earlier order again in issue. A refusal to modify the original order, however, requires the appeal to be from the original order, even though the time is counted from the later order refusing to modify the original. An appeal does not lie from the denial of a petition for rehearing. * * *
 
 
 15
 "On the other hand, where out of time petitions for rehearing are filed and the referee or court merely considers whether the petition sets out, and the facts if any are offered support, grounds for opening the original order and determines that no grounds for a reexamination of the original order are shown, the hearing upon or examination of the grounds for allowing a rehearing does not enlarge the time for review of the original order. This result follows from the well-established rule that where an untimely petition for rehearing is filed which is not entertained or considered on its merits the time to appeal from the original order is not extended."
 
 
 16
 See also Clarke v. Hot Springs Elec. Lt. & Power Co., 10 Cir., 76 F.2d 918, 921. Cf. Klein's Outlet v. Lipton, 2 Cir., 181 F.2d 713, 714.
 
 
 17
 The motion to docket and dismiss the appeal is denied.