**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 22 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SHAHWALI SHAH, to the use of Attorney Jeffery M. Winter, <br><br>                 Petitioner, <br><br>    v. <br><br> WORLDWIDE LANGUAGE RESOURCES, INC.; et al., <br><br>                 Respondents. | No.   16-72307 <br><br> BRB Nos.   BRB No. 15-0360 <br>                BRB No. 15-0496 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Benefits Review Board

Submitted November 8, 2017**
Pasadena, California

Before: REINHARDT and WARDLAW, Circuit Judges, and DANIEL,*** District Judge.

Shahwali Shah petitions for review of a final Decision and Order of the

Benefits Review Board ("Board") pursuant to the Longshore and Harbor Workers'

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*     The Honorable Wiley Y. Daniel, United States District Judge for the U.S. District Court for Colorado, sitting by designation.

Compensation Act ("Longshore Act"), 33 U.S.C. § 921(c). We have jurisdiction under 33 U.S.C. § 921(c). We grant the petition, reverse, and remand to the Board for further proceedings.

This appeal involves two separate attorney fee awards—one issued by the Administrative Law Judge ("ALJ") and one issued by the United States Department of Labor's District Director. The attorney fee orders followed the decision on Shah's claim for compensation and medical benefits under the Defense Base Act extension of the Longshore Act, 33 U.S.C. §§ 901-950. The first attorney fee order, issued by the ALJ on May 11, 2015 and served on May 14, 2015, awarded $48,719.00 in attorney fees and $17,586.24 in costs. The second attorney fee order was issued by the District Director on August 24, 2015 and awarded $8,480.50 in attorney fees. The Board's Decision and Order dismissed as untimely Shah's appeal from the underlying ALJ's attorney fee order and affirmed the District Director's attorney fee/compensation order.

We review the Board's decision for "errors of law and for adherence to the statutory standard governing the Board's review of the administrative law judge's factual determinations." *Rhine v. Stevedoring Servs. of Am.*, 596 F.3d 1161, 1163 (9th Cir. 2010) (citing *Todd Shipyards Corp. v. Black*, 717 F.2d 1280, 1284 (9th Cir. 1983) (quoting *Bumble Bee Seafoods v. Director, OWCP*, 629 F.2d 1327, 1328 (9th Cir. 1980)). On questions of law, including interpretation of the

Longshore Act, we exercise de novo review. *Force v. Director, OWCP*, 938 F.2d 981, 983 (9th Cir. 1991). The Board erred in dismissing Shah's appeal from the underlying ALJ's attorney fee order as untimely.

On May 14, 2015, the ALJ's attorney fee order was filed in the Office of the District Director. Shah filed his Petition for Reconsideration with the ALJ. The ALJ issued an order denying Shah's Petition for Reconsideration, which was served by the District Director on June 19, 2015. On June 22, 2015, Shah filed his Notice of Appeal of the ALJ's attorney fee order with the Board. The Board dismissed Shah's Notice of Appeal as untimely stating that "[a]n appeal to the Board must be filed within 30 days of the date the administrative law judge's order was filed by the district director." Shah argues that because the ALJ "entertained or considered" his motion for reconsideration on its merits, the time for Shah to appeal was tolled. *See Bowman v. Lopereno et al.*, 311 U.S. 262, 61 S.Ct. 201, 85 L.Ed.177 (1940). We agree. The time for Shah to appeal was tolled until June 19, 2015, the date the ALJ "entertained or considered" and ultimately denied Shah's motion for reconsideration on its merits, rendering Shah's Notice of Appeal timely. Therefore, we grant Shah's petition and reverse and remand the Board's dismissal of Shah's Notice of Appeal of the ALJ's attorney fee order for consideration on its merits.

Additionally, because the Board erred in dismissing Shah's Notice of Appeal

of the ALJ's attorney fee order, we remand the Board's decision on the District Director's compensation order for findings that shall consider both the ALJ's findings and the District Director's findings, including the hourly rate determinations.

**PETITION GRANTED, REVERSED AND REMANDED.**